[No. 14327. In Bank. — April 11, 1892.]

JAMES C. PENNIE, ADMINISTRATOR, ETC., ET AL., RE-
SPONDENTS, v. SEBASTIAN VISHER ET AL., DEFEND-
ANTS. D. M. VANCE, APPELLANT.

CHANGE OF PLACE OF TRIAL — VENUE OF REAL ACTION — LANDS IN SEV-
ERAL COUNTIES — DISCLAIMER. — Where an action is brought in one of
several counties in which the lands are situated, to secure the cancella-
tion and annulment of certain agreements relating to all of the lands
described in the complaint, and to quiet title thereto as against several
defendants, a disclaimer of the lands situated in the county in which the
suit is brought will not entitle a defendant who resides in another county,
in which alone he alleges that he claims lands adversely to the plaintiff,
to a change of the place of trial to the county of his residence.

ID. — CHANGE TO PLACE OF RESIDENCE — DEMAND AT TIME OF DEMURRER.
— A motion for a change of the place of trial to the county of the defend-
ant's residence is properly denied where no demand for the change was
made in writing at the time of appearing and demurring to the com-
plaint, as required by section 396 of the Code of Civil Procedure.

ID. — OVERRULING DEMURRER PENDING IMPROPER MOTION. — Where a de-
fendant in an action demurred to the complaint, and improperly moved
for a change of venue, the fact that the court overruled the demurrer
before overruling the motion for a change of venue is not prejudicial
error, if both the demurrer and the motion were properly overruled.

ID. — SETTING ASIDE DEFAULT — OVERRULING DEMURRER WITHOUT LEAVE
TO ANSWER — WANT OF NOTICE. — When the demurrer in such case
was regularly placed upon the law calendar for argument, and heard and
overruled in the absence of the defendant without granting leave to
answer, the fact that no special notice was given to the defendant of the
hearing or of the overruling of the demurrer, and that the motion to
change the place of trial had not been heard or passed upon, is not suf-
ficient ground for setting aside a default entered for failure to answer.

APPEAL from a judgment of the Superior Court of
Sacramento County, and from an order denying a change
of venue.

This action was brought in Sacramento County,
January 10, 1889, on behalf of the estate of Charles
McLaughlin, deceased, to secure the cancellation and
annulment of certain agreements relating to all of
certain lands, described as situated in Sacramento, Cala-
veras, San Joaquin, Santa Clara, Alameda, Stanislaus,
and Amador counties, and alleged to be claimed by
defendants, and to quiet the title of the estate thereto.

The action was brought against several defendants named by their proper names, and several others named by fictitious names. D. M. Vance was sued and served with summons as John Doe, and the complaint amended by inserting his true name. He appeared and demurred February 17, 1890. May 31st, several defendants named disclaimed all interests in any of the lands described in the complaint, and June 1, 1889, the remainder of the defendants originally named by their proper names, with one exception, filed a disclaimer of any interest in lands situated in Sacramento County. No separate disclaimer appears to have been filed by Vance, but at the time of demurring he filed an affidavit, setting up that by reason of the disclaimer filed no interest in lands situated in Sacramento County was involved in the action, and most of the lands in controversy were situated in San Joaquin County, and that he (Vance) claimed none of the lands described in the complaint except lands situated in San Joaquin County; that none of the defendants resided in Sacramento County; that he and other co-defendants resided in San Joaquin County; and that the necessary witnesses for the defendants resided in San Joaquin County, more than thirty miles from Sacramento. At the same time he gave notice of a motion to be made February 28, 1892, to change the place of trial to San Joaquin County on the following grounds: 1. That said action is brought for the recovery of real property, and to quiet the title thereof, and that none of said real property is situated in said county of Sacramento, but is situated in said county of San Joaquin; 2. That this defendant does not reside in said county of Sacramento, nor do any of the other defendants reside in said county; 3. That this defendant, together with other co-defendants, reside in said county of San Joaquin; 4. That the convenience of witnesses and the ends of justice will be promoted by the change; 5. That said county of Sacramento is not the proper county, or the proper place of trial of said action. On the 27th of February, 1890, ten days after the filing of

the demurrer, defendant Vance filed an affidavit of merits and a written demand that the place of trial be changed to San Joaquin County. On the 21st of February, 1890, the demurrer, having been regularly placed on the law calendar under the rule of the court, was overruled on motion of the plaintiff, in the absence of the defendant, without giving any time to answer, and on February 25th the default of defendant was entered for want of an answer. On February 28th, the motion for a change of the place of trial came on to be heard on stipulation of counsel, and was denied, and the case was set for trial for March 12, 1890. On March 6, 1890, defendant Vance moved to set aside the default, on the grounds that no notice had been given of the argument or submission or overruling of the demurrer, and that default was entered prematurely before the usual time allowed after over-ruling a demurrer, and was unlawful while the motion for the change of venue was pending, and that the dis-posal of the demurrer, while the jurisdiction of the court was challenged and the question undecided, was errone-ous, and on the ground of mistake and surprise. The motion to set aside the default was denied, and this appeal was taken therefrom.

*Amos H. Carpenter*, for Appellant.

*Wilson & Wilson*, and *A. L. Rhodes*, for Respondents.

SHARPSTEIN, J. — D. M. Vance, one of the defendants in the above-entitled action, appeals from an order de-nying his motion to set aside the default entered against him, and from the judgment entered in said action. Appellant demurred to the plaintiff's complaint, and moved for a change of the place of trial upon an affi-davit stating the grounds upon which his motion was based. The motion was overruled, and that ruling is complained of as being erroneous. We think the grounds specified for a change of the place of trial in-sufficient; and were they not, there does not appear to have been a demand for the change in writing, such as

is required by section 396 of the Code of Civil Procedure. (*Estrada* v. *Oreña*, 54 Cal. 407; *Byrne* v. *Byrne*, 57 Cal. 348.) The demurrer was overruled before the motion for a change of the place of trial was. Both were properly overruled, and the order in which they were overruled could not in any way affect the substantial rights of the parties, as it might have done if the motion to change the place of trial had been granted after the demurrer was overruled. As it is, it appears to be nothing more serious than a harmless irregularity which we are bound to disregard.

After appellant's demurrer was overruled, his default was entered for failure to answer, and he moved to set it aside. The grounds upon which that motion was based were insufficient to entitle the moving party to have the default set aside, and there was no abuse of the discretion of the court in denying it.

Judgment and order affirmed.

McFARLAND, J., PATERSON, J., GAROUTTE, J., and DE HAVEN, J., concurred.