APONTE, PLAINTIFF AND APPELLEE, v. ATLAS COMMERCIAL COMPANY ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for Damages.

No. 1880.—Decided March 18, 1919.

VENUE — APPEARANCE. — The defendant herein appeared on April 8, 1918, and moved for a change of venue. On the same day he moved to strike certain matter from the complaint. The court took no action and on May 2, 1918, the defendant filed another motion for a change of venue together with a demurrer. The court finally overruled the motion for a change of venue and on appeal from that ruling it was held that as the motion for a change of venue did not conform to the requirements of section 82 of the Code of Civil Procedure, the district court acted properly in overruling it.

The facts are stated in the opinion.

*Mr. Henry G. Molina* for the appellants.

*Messrs. J. López del Valle* and *Arturo Aponte, Jr.,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Arturo Aponte, Jr., brought an action for damages against the Atlas Commercial Company and Francisco Four-

nier in the District Court of Humacao. On April 8, 1918, the Atlas Commercial Company appeared and moved for a change of venue to the District Court of San Juan, where it has its main office, and on the same day the said defendant moved also that the court order certain matters to be stricken from the complaint. The court made no ruling and on May 2, 1918, the said defendant filed another motion for a change of venue and a demurrer. The District Court of Humacao overruled the motions for a change of venue, because it was of the opinion that "by filing with the first motion for a change of venue another motion for the striking out of certain allegations from the complaint the said defendant submitted to the jurisdiction of this court." Not agreeing with that ruling, the Atlas Commercial Company appealed to this court. Only the appellant appeared at the hearing on the appeal and the appellee filed no brief.

The appellant admits that there are many decisions of the Supreme Court of California holding that any appearance by the defendant before moving for a change of venue is an implied submission, according to the wording of the statute, and cites the cases of *Watts* v. *White,* 13 Cal. 321, and *Pennio* v. *Visher,* 94 Cal. 323. It contends however that it never waived its right to move for a change of venue; that it has insisted on the change from the start, and that before the court ruled on its first two motions it filed a new motion for a change of venue, together with a demurrer to the complaint, for which reason it contends that the district court erred in holding that it had submitted to its jurisdiction. In support of this theory the appellant cites the case of *Nicholl* v. *Nicholl,* 66 Cal. 36.

We have examined that case and find that it is not in point with the one which we are now considering. In that case the defendant first moved for a change of venue only and later repeated that motion by answering the complaint. Here the defendant moved for a change of venue and at the same time moved to strike certain matter from the com-

plaint, and about a month later, before the court had ruled on its first motion, again moved for the change of venue and filed a demurrer.

It was held by this court in the case of *Busó* v. *Borinquen Sugar Co.,* 19 P. R. R. 337, that when a defendant moves for a change of venue and at the same time moves that the plaintiff be ordered to separate his two causes of action, asking for an extension of time in which to answer the complaint, the change of venue must be denied because the motion is not made according to law. The court transcribes section 82 of the Code of Civil Procedure and says: "As is seen, according to the Spanish text, the section transcribed peremptorily requires that the change of venue shall be moved for when appearance is made to answer or demur, and, according to the English text, at the time the defendant appears and answers or demurs to the complaint. ＊ ＊ ＊ The appellant alleges that it is not necessary that every motion for a change of venue shall be accompanied by a demurrer or an answer, but that defendant need only file his motion for a change of venue, as he has done in the present case, when making his first appearance. That defense is inadmissible because it is contrary to the clear and conclusive provision of section 82 of the Code of Civil Procedure, whose literal text we cannot disregard, in accordance with section 13 of our Civil Code as follows: 'When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof.' "

In these circumstances we are forced to the conclusion that as the Atlas Commercial Company has not moved for the change of venue in accordance with the law, the district court was justified in overruling its motion. The fact that the court had not disposed of the said defendant's first motion when it filed the second motion asking for the change in the manner required by the law, can not be given the scope claimed by the appellant, for it can not destroy the effect of

the first step. Knowing the law and the jurisprudence, the adverse party was justified in taking it for granted that the defendant had submitted to the jurisdiction.

The appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison dissented.