[Civ. No. 3275.   Second Appellate District, Division Two.—April 29, 1921.]

# W. H. HANNA, etc., Respondent, v. SERENA DE KOCH, Appellant.

[1] PLACE OF TRIAL—PROCEEDING FOR CHANGE—DEMAND IN WRITING.
In a proceeding for a change of place of trial of a civil action, a demand in writing that the trial be had in the proper county is a necessary moving paper, and reference cannot be had to the other moving papers to supply its omission.

[2] AFFIDAVIT OF MERITS—STATEMENT OF AFFIANT'S CASE TO COUNSEL—INSUFFICIENT AFFIDAVIT.—An affidavit of merits to the effect that the defendant has stated her case to her counsel and that he had advised her that she had a good defense is not sufficient, since a statement of her case is not a statement of the case, but only a statement of her defense.

APPEAL from an order of the Superior Court of Santa Barbara County denying a motion for a change of place of trial.   S. E. Crow, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. W. Smith and J. Mack Love for Appellant.

Balaam & Balaam for Respondent.

WORKS, J.—This is an appeal from an order denying a motion for a change of place of trial.   The motion was denied upon the grounds that appellant had failed to demand, in writing, that the trial of the cause be had in the proper county, and that she had filed no sufficient affidavit of merits, both as required by Code of Civil Procedure, section 396.

[1] The appellant concedes that she presented no "demand" in terms, but she contends that demand was substantially made in other papers filed in the proceeding. She refers to her petition for change and to a certain notice that the matter would be heard at a stated time.   We discover nothing in these papers to differentiate them from others of their kind, and to determine that their contents obviated the necessity for a demand would be to hold that no demand is necessary in any proceeding for change.   A

petition, or motion, in such a proceeding will always acquaint the other party with the fact that a change is desired, but that is not sufficient. The statute specifically requires that, in addition to the moving papers, a demand be made (Code Civ. Proc., sec. 396; *Pennie* v. *Visher,* 94 Cal. 323 [29 Pac. 711]), and we cannot legislate the provision out of existence.

[2] The affidavit of merits was to the effect that appellant had stated *her* case to her counsel and that he had advised her that she had a good defense. Such affidavits have been held insufficient, times almost without number (*People* v. *Larue,* 66 Cal. 235 [5 Pac. 157]; *Martin* v. *Superior Court,* 176 Cal. 289 [L. R. A. 1918B, 313, 168 Pac. 135]). A statement of *her* case is not a statement of *the* case, but only a statement of *her* defense.

The order is affirmed.

Finlayson, P. J., and Craig, J., concurred.