STATE EX REL. DAVIS, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 5,649.)

(Submitted November 25, 1924. Decided December 12, 1924.)

[231 Pac. 395.]

*Supervisory Control—Change of Venue — Application — Demand for Change Necessary—Improper Denial of Motion— Appeal Available.*

Public Officers Sued in Official Capacity—Venue.
1. Under section 9094, subdivision 2, Revised Codes of 1921, a public officer (sheriff) sued in his official capacity is entitled to have the case tried in the county of which he is such officer.

Change of Venue—Application—Necessary Steps—Failure to Make Demand—Denial of Motion Proper.
2. Sections 9097 and 9098, Revised Codes of 1921, providing for change of venue, are companion measures and must be construed together. Under the first, the applicant must file an affidavit of merits and demand in writing for the change. Under the second he must apply to the court for an order to change the place. In the absence of an agreement of the parties these separate

steps are imperative. Defendant filed the affidavit and with it a notice of motion and motion but did not file a demand in writing. *Held*, on application for writ of supervisory control, that a demand for the change was indispensable and that in its absence the court properly denied the motion.

Same—How Effected.
3. A change of place of trial can only be effected through an order of court after its judicial action has been invoked on motion, by bringing the matter on for hearing where the right of defendant to the transfer can be contested by plaintiff.

Same—Improper Denial—Remedy by Appeal Available.
4. Where defendant correctly pursues the statute (sec. 9097, *supra*), in his endeavor to secure a change of place of trial and is entitled to such change but is denied it, he has a remedy by appeal. (Language appearing in *Feldman* v. *Security State Bank*, 62 Mont. 330, at bottom of page 334, intimating otherwise, expressly disapproved.)

Original application by State of Montana, on relation of Floyd Davis, for writ of supervisory control to annul an order of the District Court of the Seventeenth Judicial District in and for the County of Valley and the judge thereof. Application denied and proceeding dismissed.

*Messrs. Hurley & O'Neill* and *Messrs. Spaulding & McConnell*, for Relator, submitted a brief; *Mr. C. A. Spaulding* argued the cause orally.

*Messrs. Norris, Hurd, Rhoades & Hallett*, for Respondents, submitted a brief; *Mr. Otis A. Hallett* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

By this proceeding relator seeks a writ of supervisory control designed to annul an order of the district court denying his motion for a change of place of trial.

Suit was brought in Valley county against the defendant [1] as sheriff of McCone county. Summons was served upon him in McCone county. If the defendant, sued as he was in his official capacity, pursued his statutory remedy he was entitled to have the case tried in the county of which he was a public officer. (Sec. 9094, subd. 2, Rev. Codes 1921.) At the

[2]  outset we are confronted with the question whether he did sufficiently comply with the statute. The record discloses that within twenty days after the service of summons upon him he filed what purported to be an affidavit of merits, and with it a notice in which, through his counsel, he advised the plaintiff and plaintiff's attorneys that upon a date named, "or as soon thereafter as counsel could be heard," he would move the court for an order changing the place of trial of the action from Valley county to McCone county. With the notice of motion he filed also what he denominated a "motion" which conformed in substance to the language of the notice of motion.

In section 9097, Revised Codes of 1921, it is provided: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

The next section (9098) provides that the court or judge must, on motion, change the place of trial when the county designated in the complaint is not the proper county. These are companion statutes and must be construed together. (*Danielson* v. *Danielson*, 62 Mont. 83, 203 Pac. 506.) The litigant seeking a change of place of trial under these sections must, first, file an affidavit of merits and a demand in writing; second, apply to the court for an order changing the place of trial. These movements, mentioned as first and second above, are distinct and separate; also indispensable and imperative, in the absence of an agreement of the parties.

California and Nevada have statutory provisions similar to our own and such seems to have been the consistent holding of the appellate courts of those states.

The supreme court of Nevada, in *Elam* v. *Griffin*, 19 Nev. 442, 14 Pac. 582, held that the district court erred in changing the place of trial from one county to another where no demand in writing was made as contemplated by their statute.

The court opined that the object of the demand is to allow the plaintiff an opportunity of voluntarily correcting his error by stipulation or otherwise without the expense and delay of a motion. There is reason for the opinion, for we all know that it may happen in a district where court is held but four times a year, that several weeks, sometimes as much as three months, may elapse before a litigant moving for a change of place of trial will have an opportunity to present his motion to the court.

In *Estrada* v. *Orena,* 54 Cal. 407, the defendant filed an affidavit of merits but not any demand in writing though he filed with the affidavit a notice that upon a certain day he would move for a change. The supreme court held that to entitle a defendant sued in the wrong county to a change of place of trial, demand in writing must be made as required by section 396 of the California Code of Civil Procedure, saying the notice of motion was not a demand. (*Byrne* v. *Byrne,* 57 Cal. 348; *Hanna* v. *DeKoch,* 52 Cal. App. 389, 198 Pac. 1006.) In the last case cited the court said: "The statute specifically requires that, in addition to the moving papers, a demand be made (Code Civ. Proc., sec. 396; *Pennie* v. *Visher,* 94 Cal. 323 [29 Pac. 711]), and we cannot legislate the provision out of existence."

The filing of the affidavit and demand do not operate *ipso* [3] *facto* to change the place of trial. The court can act only upon motion. (Sec. 9098, *supra; State ex rel. Gnose* v. *District Court,* 30 Mont. 188, 75 Pac. 1109.) It "cannot change the place of trial *sua sponte."* (*Danielson* v. *Danielson, supra.*) "The change can only be effected through an order of the court after its judicial action has been invoked, by bringing the matter on for hearing where the right of the defendant to the transfer can be contested by the plaintiff." (*Bohn* v. *Bohn,* 164 Cal. 532, 129 Pac. 981.)

Notice of the motion must be given by the moving party to his adversary in writing under the provisions of section 9778,

Revised Codes of 1921.   The notice must apprise the adversary that the movant will at a time and place make application to the court or judge for an order changing the place of trial, and should state with reasonable certainty the grounds of the motion.   "An application for an order is a motion."   (Sec. 9772, Rev. Codes 1921.)

As has been adverted to above there is a clear distinction between the filing of the affidavit and demand and the notice of motion; a notice of motion does not supply the defect caused by failure to file the demand.

The notice of motion need not be filed simultaneously with the affidavit and demand (*Lundy* v. *Lettunich,* 50 Cal. App. 451, 195 Pac. 451), though of course it must be served and filed within a reasonable time thereafter; at least soon enough so that the applicant for a change of place of trial may not successfully be accused of laches.   While a notice of motion stating the grounds upon which the motion is to be made will serve every purpose under our Code, it is common practice for one to file with his notice of motion a statement in writing of the motion he intends to make.   The practice was recognized and approved in *Wallace* v. *Lewis,* 9 Mont. 399, 24 Pac. 22, in which the court said: "The grounds of the motion are often required to be stated in writing, and filed."   "The motion is thus preserved in the exact form which counsel desire to give it."   But "the motion itself is the application to the court, for the court must be moved to grant the order and when so moved the proceeding is a motion."

Here counsel for defendant followed the course above indicated: He filed his notice of motion in which, however, he stated the grounds upon which he proposed to move the court for an order changing the place of trial of the action from Valley county to McCone county, and also filed a "motion" in which the same grounds are set forth and in practically identical words.   The two were companion documents and did not purport to serve any purpose other than the procure-

ment of the order. The "motion" was not a demand either in form or in substance. The idea that either the notice of motion or the motion served to supply the demand in writing required by the statute is illusory.

One reason why we entertained the application for a writ of supervisory control in this case was based upon the assertion [4] of counsel for relator that in view of certain language appearing in *Feldman* v. *Security State Bank,* 62 Mont. 330, 206 Pac. 425, the defendant in the event of an adverse judgment might not be accorded any remedy by appeal. In that case the court, after recognizing the rights of parties defendant in actions on contract to have a case removed to the county in which the contract is to be performed said: "Although such is the settled law in this state, we would have no hesitancy in this instance in affirming the judgment, the case having been once fully and fairly tried, but for the fact that the evidence is in conflict, and it is difficult to ascertain how the jury arrived at the amount of the verdict." The quoted language is now expressly disapproved. There can be no doubt that when a defendant is entitled to a change of place of trial, has correctly pursued the statutory remedy afforded him to bring it about, and his application therefor has been denied, the order of denial constitutes error which ordinarily will compel the reversal of any judgment rendered in that action against him. It is doubtful if such error can be cured. We doubt if it can be in the absence of an express, intentional and unqualified waiver of the error.

So that, in the instant case, had the court erred against the defendant, in the event of a judgment against him he was afforded a remedy by appeal. Further discussion upon this phase of the case is unnecessary.

By reason of the fact that the relator in omitting to file a demand in writing did not pursue his statutory remedy he was not entitled to a change of place of trial and the court correctly denied his application therefor.

The application for a writ of supervisory control is denied and the proceeding dismissed.

*Dismissed.*

ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, absent on account of illness, did not hear the argument and takes no part in the foregoing decision.