[Civ. No. 13073.   First Dist., Div. Two.   Apr. 25, 1946.]

MARION R. WELLS, Appellant, v. PAUL DAVID WELLS, Respondent.

Phil F. Garvey for Appellant.

Dudley H. Nebeker for Respondent.

NOURSE, P. J.—This is an appeal from an order granting defendant's motion for a change of venue from the City and County of San Francisco to Alameda County.   After appellant's brief was filed the respondent failed to file his brief within the time prescribed by the Rules on Appeal.   Notice was duly given in accord with rule 17(b) and the case was thereafter submitted upon the appellant's opening brief.

Plaintiff Marion R. Wells filed her complaint on August 30, 1945, in the Superior Court of the City and County of San Francisco, seeking to recover the sum of $2,673 plus interest alleged to be due and owing under a written agreement entered into between the parties in North Carolina.   On September 28, 1945, the defendant demurred to the complaint, and on the same day filed a demand for change of venue to Alameda County which was the county of his residence.   A notice of motion for change of venue to that county was also filed together with points and authorities and the defendant's affidavit of merits.   On October 16, 1945, the court made a minute order granting the motion and on October 22, 1945, entered a written order transferring the place of trial to the Superior Court of the County of Alameda.

It is admitted by appellant herein that the action is transitory in nature entitling the respondent to a trial in the county of his residence under section 395 of the Code of Civil Procedure. Appellant argues, however, that the affidavit of merits in support of the motion for change of venue failed to comply with the provisions of section 396b of the Code of Civil Procedure and therefore that the order of transfer was erroneous. The affidavit under attack reads in part as follows: ''I am the defendant in the above entitled action and at the time of the commencement of said action I was, and ever since have been and now am a resident of the County of Alameda, State of California. I have fully and fairly stated the facts in *my* case in this action to my counsel, DUDLEY H. NEBEKER, of Oakland, California, and after such statement I have been advised and verily believe that I have a good and substantial defense to said action on the merits.'' (Italics added.)

The appellant argues that the use of the word *my*, italicized above, renders the affidavit fatally defective. It is true that the affidavit of merits required by section 396b of the Code of Civil Procedure must show that the moving party fully and fairly stated the facts in *the* case to his counsel and that a statement to the effect that the affiant states *his* or *my* case is insufficient. (*Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *People* v. *Larue,* 66 Cal. 235 [5 P. 157]; *Hanna* v. *De Koch,* 52 Cal.App. 389, 390 [198 P. 1006]; *Fernandez* v. *Fernandez,* 11 Cal.2d 568, 569 [81 P.2d 913]; 25 Cal.Jur. 901 and 902.) It has been held that the latter averments mean no more than that the moving party stated his defense to the case to his attorney. (*People* v. *Larue, supra,* 236; *Phillips* v. *Logan,* 18 Cal.App. 287 [122 P. 1096]; *Hanna* v. *De Koch, supra,* 390.) Upon the basis of these authorities the trial court should have denied the motion for change of venue.

The order is reversed.

Goodell, J., and Dooling, J., concurred.