NEVADA TRANSIT COMPANY, A NEVADA CORPORATION, APPELLANT, v. HARRIS BROTHERS LUMBER CO., INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 4765

November 5, 1964

396 P.2d 133

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* and *Richard O. Kwapil, Jr.,* of Reno, for Appellant.

*Diehl & Recanzone,* of Fallon, for Respondent.

## O P I N I O N

By the Court, McNamee, J.:

This is an action to recover damages for the negligent repair of a motor vehicle. Before the time expired within which to answer the complaint the defendant filed a motion for change of venue from Churchill County to the county of the defendant corporation's residence, to wit, Washoe County.

There is no dispute regarding the fact that Washoe County, being the county of the residence of the defendant, is the proper county within which the action should be tried under NRS 13.040.

NRS 13.050 provides in part:

"1. If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section.

"2. The court may, on motion, change the place of trial in the following cases:

(a) When the county designated in the complaint is not the proper county.

(b) When there is reason to believe that an impartial trial cannot be had therein.

(c) When the convenience of the witnesses and the ends of justice would be promoted by the change."

Without filing a demand as provided by subsection 1 of NRS 13.050, defendant filed a motion for change of venue upon the ground that the county designated in the complaint is not the proper county. Its motion for change of venue was based also upon the ground that the convenience of witnesses required the trial to be in Washoe County.

The only evidence in support of the motion was the affidavit of the president and general manager of defendant company which states that the only office of Nevada Transit Company is located in Washoe County, that its business is conducted in and from that office, that all of its activities are conducted in Washoe County, that defendant's witnesses reside in Washoe County, "and that the convenience of witnesses would be promoted, and he is informed and believes that the interest of justice would be promoted by maintaining the suit in Washoe County, Nevada, rather than in Churchill County, Nevada."

The lower court held that unless a demand in writing was made in accordance with subsection 1 of NRS 13.050 the defendant waived its right to have the case tried in the proper county, to wit, Washoe County, and

entered its order denying the motion for change of venue. Appeal is from this order of denial.

It has been settled law in this state as well as the State of California, from which state our venue statutes were adopted, that a written demand for change of venue must precede any motion for change of venue. Connolly v. Salsberry, 43 Nev. 182, 183 P. 391; Elam v. Griffin, 19 Nev. 442, 14 P. 582; Hanna v. DeKoch, 52 Cal.App. 389, 198 P. 1006. Unless a defendant complies with subsection 1 of NRS 13.050 by making a demand in writing that the trial be held in the proper county he waives his right to have the trial held in the proper county. A motion for change of venue is insufficient without a preceding proper demand.

In Connolly v. Salsberry, supra, we said: "It is obvious that the legislature intended to require a written demand as a prerequisite to a motion for a change of venue, upon the ground that the action is not commenced in the proper county." In that case there was no demand for change of venue and the motion for change was filed after the time for answering had expired. Appellant contends that for this reason the present case is distinguishable. Appellant would distinguish Elam v. Griffin, supra, upon the ground that it does not appear therefrom whether the motion for change was a written or oral motion, and if oral there would have been no demand in writing.

Appellant further argues that its motion for a change of venue having been in writing is sufficient to satisfy the "demand in writing" specified in subsection 1 of NRS 13.050. This same argument was made in Hanna v. DeKoch, supra. In that case a motion for a change of venue was denied upon the ground that appellant had failed to demand in writing that the trial of the cause be had in the proper county. The appellate court stated:

"The appellant concedes that she presented no 'demand' in terms, but she contends that demand was substantially made in other papers filed in the proceeding. She refers to her petition for change and to a certain notice that the matter would be heard at a stated

time. We discover nothing in these papers to differentiate them from others of their kind, and to determine that their contents obviated the necessity for a demand would be to hold that no demand is necessary in any proceeding for change. A petition, or motion, in such a proceeding will always acquaint the other party with the fact that a change is desired, but that is not sufficient. The statute specifically requires that, in addition to the moving papers, a demand be made. * * *, and we cannot legislate the provision out of existence." Accord, State v. District Court, 72 Mont. 56, 231 P. 395.

The right to have the case tried in Washoe County upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change is addressed to the discretion of the court. The only evidence in support of this ground for a change of venue is the said affidavit of the general manager of Nevada Transit Company. Inasmuch as the affidavit consisting chiefly of legal conclusions is insufficient evidence upon which a court could exercise discretion, no abuse of discretion can be asserted by the appellant.

The order appealed from is affirmed.

BADT, C. J., and THOMPSON, J., concur.