**Clois HETLETVED, Plaintiff and Appellee,**

v.

**Robert Lowell HANSEN, Defendant and Appellant.**

**Civ. No. 9339.**

Supreme Court of North Dakota.

July 27, 1977.

Garry A. Pearson, Grand Forks, for defendant and appellant; submitted on the brief.

Robert A. Feder, Fargo, for plaintiff and appellee.

SAND, Justice.

Defendant Robert Hansen brought this appeal from an order of the district court of Grand Forks County refusing to recognize his efforts to obtain a change of venue from Grand Forks County to Cass County, the place of his residence.

The action originated with a complaint against Hansen by Clois Hetletved seeking damages for assault and battery. The complaint venued the action in Grand Forks County. Within twenty days of service of the summons and complaint, counsel for Hansen, by letter dated 27 September 1976, sent an answer and affidavit to counsel for Hetletved. The affidavit, minus caption and verification, read as follows:

"Robert Lowell Hanse [*sic*], being first duly sworn, sayeth:

"My name is Robert Lowell Hansen and I am a resident of Fargo, Cass County, North Dakota. I have been a resident of Cass County, North Dakota, since before the service of the Summons and Complaint upon me in the above styled action.

"This Affidavit is prepared pursuant to 28–04–05 N.D.C.C. and 28–04–06 N.D. C.C.

"Dated this 27th day of September, 1976.

"_____

"Robert Lowell Hansen"

In the letter transmitting the answer and affidavit Hansen's counsel stated:

"Enclosed herein please find my Answer along with an Affidavit from Mr. Hansen stating that he is a resident of Cass County. I may be wrong, but I am led to believe that 28–04–05 and –06 of the Century Code envision that we can venue this action in Cass County rather than in Grand Forks since Mr. Hansen was a resident here at the time of the service of process. Am I right?"

The note of issue was filed by Hetletved on 12 October 1976. On 27 October 1976 Hansen filed his answer, along with an affidavit, and proposed order for change of venue with the district court. The district judge refused to sign Hansen's proposed order and returned it unsigned by letter dated 15 November 1976. Hansen's counsel requested reconsideration of the matter and on 17 November 1976 filed a motion for change of venue, together with his affidavit, memorandum of law, and stipulation of facts. The change of venue was again denied by order of the court dated 22 February 1977.

The change of venue was denied for failure of Hansen to make a demand in writing within twenty days of the service of the complaint as required by § 28–04–06, North Dakota Century Code, which provides:

"Except in the cases mentioned in section 28–04–01, if the county designated in the complaint is not the proper county for trial of the case, the action, notwithstanding, may be tried therein, unless the defendant before the time for answering expires demands in writing that the trial be had in the proper county and the place of trial thereupon is changed by consent of the parties, or by order of the court."

The issue before us is whether Hansen's affidavit dated 27 September 1976 was sufficient to comply with the "demand in writing" requirement of the statute. We confine ourselves to examination of the affidavit only, because other steps taken by Hansen were not accomplished within the twenty-day answering period specified in § 28–04–01. Those additional efforts were thus ineffective for lack of timeliness alone.

Both parties agree that the affidavit was intended to effect a change of the place of trial to the county of defendant's residence, but disagree as to whether it in fact accomplished that end. Although this Court has decided a number of procedural questions regarding change of venue, we have not addressed the issue of what is necessary to satisfy the statutory written *demand* requirement.

In examining other authorities, we give particular significance to early cases in California based upon its Civil Code § 396 from which the North Dakota statute quoted above was derived. Until amended in 1933, the California Code provided, as does § 28–04–06, NDCC, that if the action is not commenced in the proper court the defendant in order to obtain a change of venue must first make a demand in writing.

In *Pennie v. Visher*, 94 Cal. 323, 29 P. 711 (1892), a motion for change of venue was denied where a notice of motion for change of venue was given supported by an affidavit. The court stated:

"We think the grounds specified for a change of the place of trial insufficient; and, were they not, there does not appear to have been a demand for the change in writing, such as is required by section 396 of the Code of Civil Procedure."

A demand was held to be sufficient in *Buck v. City of Eureka*, 97 Cal. 135, 31 P. 845 (1893), where the form signed by the defendant's attorneys said "We hereby demand that the place of trial of this cause be changed to the proper county . . . ." The court said that there was not only a notice of motion but a demand in writing, with the only objection being that the demand was made by the defendant's attorneys rather than the defendant himself. Although there may not have been formal compliance with the literal terms of the statute, the court held the attorneys "satisfied its reason by a substantial compliance, and that is sufficient."

In *Hanna v. DeKoch*, 52 Cal.App. 389, 198 P. 1006 (1921), the defendant conceded that she had not presented a demand for change of venue in precise terms but contended that a demand was substantially made in other papers filed in the proceeding, particularly a petition for change and a notice of hearing. The court rejected this argument and affirmed the order denying her motion, saying:

"We discover nothing in these papers to differentiate them from others of their kind, and to determine that their contents obviated the necessity for a demand would be to hold that no demand is necessary in any proceeding for change. A petition, or motion, in such a proceeding will always acquaint the other party with the fact that a change is desired, but that is not sufficient. The statute specifically requires that, in addition to the moving papers, a demand be made . . . and we cannot legislate the provision out of existence."

Nevada, like North Dakota, adopted its venue statutes from those of California and the language remains substantially identical to that in North Dakota. A corporate defendant was held to have waived its right to have trial in the county of residence by failing to demand in writing that venue be changed as required by the statute in *Nevada Transit Co. v. Harris Brothers Lumber Co.*, 80 Nev. 465, 396 P.2d 133 (1964). In that case a motion for change of venue was filed along with an affidavit. The court stated that it was settled law in Nevada, as well as California, that a written demand for change of venue must precede any motion for change of venue and that unless a defendant complies with the statutory "demand in writing" requirement he waives his right to have trial held in the proper county. It was clear to the Nevada court that the Legislature intended to require a written demand as a prerequisite to a motion for change of venue when made on grounds that the action was not commenced in the proper county.

We find the reasoning of these cases valuable in interpreting the North Dakota statute. The Legislature, by specifying that the defendant make the demand in writing, obviously intended for precisely that to be done before a change of venue is

granted. We are not at liberty to disregard that requirement or to legislate it out of existence. Had it wished to do so, our Legislature could have required only that the defendant take steps sufficient to acquaint the other party with the fact that a change of venue was being attempted.

 Defendant is correct in pointing out that the right of the defendant to be tried in the county of his residence is valuable and has been stressed by this court in numerous cases, but we must recognize that the exercise of that right is not without limit. The right to a change of venue must be invoked upon the terms and in the manner prescribed by statute, and where a demand is required it must be in proper form. See 77 Am.Jur.2d *Venue* § 70, and 92 C.J.S. *Venue* §§ 152 and 154. Our decisions have not ignored that requirement. In *Ruchverg v. Russell*, 71 N.D. 658, 3 N.W.2d 459 (1942), for example, we said that where the action was not commenced in the proper county the defendant, *upon proper and timely demand*, was entitled to change the place of trial as a matter of absolute right. We agree with the California court that stated in *Yellow Mfg. Acceptance Corporation v. Stoddard*, 93 Cal.App.2d 301, 208 P.2d 1040 (1949):

> "While it is true that a defendant's right to have the action tried in the county of his residence is a substantial and material right . . . it is a right which can be exercised only by a proper application to the court."

Hansen refers to *American State Bank of Dickinson v. Hoffelt*, 236 N.W.2d 895 (N.D. 1975), as support for his position that the affidavit is enough to entitle him to a change of venue. In *Hoffelt*, however, as in the other cases cited by the defendant, a demand in writing was made.

 When we examine the defendant's affidavit we do not find embodied within it a demand for change of venue or any substantial equivalent of it, nor do we find words to the effect that the defendant seeks to have venue changed, that he asks or requests the court to make the change, that he wishes to be tried in his home county, that he claims as his right the change of venue, that he moves the court to grant his request, or any other similar language. Without indicating what other words would have constituted a demand, we believe that something less than the literal language of the the statute could have been sufficient if the demand was adequately expressed. The court, in *State v. Billings*, 421 S.W.2d 16 (Mo.1967), explained that it was not essential for the allegation to follow the literal language of the statute and that "equivalent language is sufficient." Even in that case the court advised attorneys to adopt a form as near to the exact wording of the statute as possible in the interests of orderly pleading and procedure and to avoid such questions in the future.

 Because we do not find language in the defendant's affidavit that is substantially equivalent to a demand that venue be changed to the proper county, the bare affidavit with nothing more must be held insufficient to accomplish the change of venue. In so holding, we are not exalting form over substance, for we find the very substance of the demand to be lacking. The title of the document does not particularly concern us, for even plaintiff's counsel conceded that a demand could have been included in a document entitled "Affidavit." Nor, as we have indicated, were we looking for the precise words of the statute (although a careful draftsman might have used such words). Substance should not be subordinated to form, but neither should we strain to find intended substance in whatever form counsel chooses to use. A mere intended demand, without more, need not be recognized, for opposing counsel and judges should not have to speculate as to whether or not a defendant is exercising his right to be tried in his home county.

The defendant cited our recent decision in *Perdue v. Sherman*, 246 N.W.2d 491 (N.D. 1976), as evidence of our reluctance to let procedural barriers stand in the way of substance. In addition to basic differences in facts and applicable law, an important policy consideration in *Perdue* was the pref-

erence for hearing the case on the merits if possible. Our action here, on the other hand, will affect only the place of trial, and will not prevent the defendant from a hearing on the merits or a jury trial.

While defendant's counsel fully intended that the affidavit succeed in transferring the action to Cass County, and was apparently using familiar local practice, the affidavit in itself was primarily a bare allegation of the defendant's place of residence and nothing more. In holding the affidavit insufficient, we are not taking a narrow view of the statute, but rather interpreting it as liberally as possible without ignoring the demand requirement altogether or encouraging useless pleadings and practice.

The order of the trial court is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and VOGEL, JJ., concur.