[No. 9374.   Department Two. — June 18, 1886.]

BENJAMIN MORGAN, APPELLANT, v. MARK L. Mc-
DONALD, RESPONDENT.

PRACTICE — AFFIDAVIT OF MERITS — REQUISITE STATEMENTS OF — SETTING
ASIDE JUDGMENT BY DEFAULT. — On motion by a defendant to set aside
a judgment by default, the affidavit of merits must state that he has
fully and fairly stated the facts of the case to his counsel.   A statement
in the affidavit that he has fully stated the facts of his defense to his
counsel is insufficient.

ID. — COURT CANNOT WAIVE PROPER AFFIDAVIT. — On such a motion the
court has no authority to waive a proper affidavit of merits.

APPEAL from an order of the Superior Court of the
city and county of San Francisco setting aside a judg-
ment.

The facts are stated in the opinion of the court.

*Clement, Osment & Clement*, for Appellant.

*James A. Waymire*, for Respondent.

THORNTON, J. — In this case issues were joined by
complaint and answer.   The cause was on the 15th of
August, 1883, regularly called for trial.   When so called,
no one appeared for the defendant.   The counsel for
plaintiff proceeded with the trial, and introduced some
documentary evidence, and called and examined the
plaintiff on his own behalf.   The court on the day above
named rendered judgment for the plaintiff, which judg-
ment was entered on the same day.

Defendant soon afterward gave notice of motion to set
aside the judgment aforesaid as one taken against him
by surprise, inadvertence, and excusable neglect.   The
affidavit of defendant read at the hearing of the motion
stated that he did not know the cause had ever been set
for trial; that his attorney had never informed him of it.

The defendant also presented at the hearing an affida-
vit of merits in the following form: —

"I have recently substituted James A. Waymire as my attorney, have stated the facts of my defense fully to him, and am advised by him that I have a good defense on the merits."

Conceding that the showing was otherwise sufficient, the affidavit of merits was not.   It was not in accordance with the rule laid down by this court in Bank in *Nickerson* v. *California Raisin Co.*, 61 Cal. 268.   It was there held that the affidavit must show that the defendant has fully and fairly stated the facts of the case to his counsel. The statement in this case is, that defendant has stated the facts of his defense to his counsel.   This was the statement in the case just above cited, where the affidavit was held defective.   The rule of court submitted on the hearing of the motion in this case presents the essential requirements of the law in regard to an affidavit of merits.   We would suggest that it be followed.

The court erred in setting aside the judgment.   The affidavit of merits was insufficient.   The court had no authority to waive a proper affidavit.   The order must therefore be reversed.

Ordered accordingly.

McKEE, J., and SHARPSTEIN, J., concurred.