MARTÍNEZ, PLAINTIFF AND APPELLANT, *v.* SÁNCHEZ ET AL., DEFENDANTS AND APPELLEES. (PEOPLE, INTERVENOR.)

APPEAL from the District Court of Ponce in an Action of Unlawful ·Detainer.

No. 3335.—Decided December 18, 1924.

UNLAWFUL DETAINER—DEFAULT JUDGMENT—PRACTICE OF LAW—DISTRICT ATTOR-NEY—DISCRETION OF COURT.—The defendant in this action of unlawful detainer, represented by the district attorney, moved to set aside a default judgment alleging that he was in possession of the property under a lease from The People of Porto Rico. *Held:* That the statute which forbids district attorneys to practice law does not preclude the presiding judge, in sound discretion exercised according to the circumstances, from permitting the district attorney to appear for the defendant.

ID.—ID.—PLEADING.—The appellant complained that in the motion to set aside the default judgment it was not alleged "that defendant had made a complete and faithful narration of the facts of his case to his attorney." *Held:* That the essential requisite is that a satisfactory showing be made as to the existence of a meritorious defense, whether this be made to appear by a formal affidavit of merits, by a verified answer, by a sworn motion or otherwise upon the face of the record, thus providing an adequate basis for the exercise of a sound judicial discretion. Some reasonable assurance must be given. The manner in which it is given, if the data be reliable and a matter of record, is not important.

The facts are stated in the opinion.

*Mr. R. Arjona Siaca* for the appellant.

*Mr. F. G. Pérez Almiroty* for the appellee.

*Mr. José E. Figueras, Fiscal,* for The People.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought an action of unlawful detainer alleging defendant to be in precarious possession of a certain rural property, without any right, without payment of rent and against the express will of plaintiff; and appeals from an order setting aside a default judgment upon motion filed by the defendant which reads as follows:

"Now comes the defendant in this case, Manuel Sánchez Extremera, by the undersigned district attorney, and respectfully states and alleges as follows:

"1.—That he is the defendant in this action of unlawful detainer, wherein he was summoned on February 14th of this year, the court having set for the preliminary hearing the 20th of February last.

"2.—That this is an action of unlawful detainer where it is sought to have the property described in the complaint vacated, and that the plaintiff, Juan Martínez Domínguez, claims to be the exclusive owner thereof.

"3.—That the defendant and petitioner is in the physical possession of the property as lessee thereof under a contract entered into with The People of Porto Rico, the latter being, to his best information and belief, the lawful owner of the same.

"4.—That as soon as he had notice of the present action he delivered the summons to The Commissioner of the Interior of Porto Rico so that the corresponding defense should be made of the case, inasmuch as the effects of the judgment would be against the interests of The People of Porto Rico.

"5.—That for this reason the defendant and petitioner made no defense within the time allowed by this court, in the belief that The People of Porto Rico would appear within the time allowed to answer the allegations of the complaint.

"6.—That the petitioner has important interests as lessee of the said property and has certain rights by virtue of the lease contract with The People of Porto Rico which would be seriously affected in case the action of unlawful detainer brought by the plaintiff should prosper.

"7.—That the defendant and petitioner has explained to his attorney in detail the facts of the case and he has informed defendant that he has a good defense, which the defendant believes to be true.

"For all of which he prays the court to open the default in this case, to set aside the judgment rendered herein and to set a new day for hearing the parties for such purposes as may be lawful.

"Ponce, Porto Rico, March 6, 1924.—(Signed) Agustín E. Font, District Attorney.

"I, Manuel Sánchez Extremera, under oath say: That my name is as above; that I am of age, married and resident of Adjuntas, Porto Rico; that my attorney has read to me the allegations contained in the preceding motion and they are true of my own knowledge, except what is alleged on information and belief, which I also believe to be true.—Ponce, P. R., March 6, 1924.—(Signed) Manuel Sánchez Extremera.—Witness: (Mark) (Signed) F. Clavell.

"Sworn to and subscribed before me by Manuel Sánchez Extremera, of age, married and resident of Adjuntas, P. R., and defendant in this action, whom I personally know, this 6th day of March, 1924.—(Signed) F. Godoy, Deputy Clerk, District Court.—Received copy this 7th day of March, 1924.—(Signed) R. Arjona Siaca, Attorney for the plaintiff."

The first ground of plaintiff's opposition to the granting of this motion in the court below was that the statute prohibits the practice of law by a district attorney who, therefore, could not appear herein as attorney for the defendant. The enforcement of the statutory provision in question seems to be an administrative matter rather than a duty imposed upon the judiciary to be performed at the instance of a party in a particular case. But even though the statute be construed as a limitation upon the right of an attorney to appear in court, the presiding judge would probably have, and in the absence of any citation of authority to the contrary we are constrained to hold that he does have, a discretion to be exercised according to circumstances; and in the instant case, all things considered, the court did not err in disregarding the statutory provision as a ground for overruling the motion to set aside the default judgment.

Plaintiff also insists in his brief that in addition to the six grounds set up in the counter-motion filed in the court below he also pointed out that defendant's motion did not

allege "that defendant had made a complete and faithful narration of the facts of his case to his attorney."

We find nothing in the record, however, to justify this contention and the only authority cited in support thereof is the case of *Morgan* v. *McDonald*, 70 Cal. 32.

On the other hand, counsel for appellee are content to say that:

"The authority cited by appellant, as may be readily ascertained, refers to one case, or rather, to those cases in which it is the defendant himself and not a third person who appears in court seeking to open a default entered due to his carelessness or negligence, but not to a case like the present where the interests of a third person or entity are at stake and threatened to be seriously injured."

The gist of the decision in *Morgan* v. *McDonald* is contained in the following paragraph:

"Conceding that the showing was otherwise sufficient, the affidavit of merits was not. It was not in accordance with the rule laid down by this court in Bank in *Nickerson* v. *California Raisin Co.*, 61 Cal. 268. It was there held that the affidavit must show that the defendant has fully and fairly stated the facts of the case to his counsel. The statement in this case is, that defendant has stated the facts of his defense to his counsel. This was the statement in the case just above cited, where the affidavit was held defective. The rule of court submitted on the hearing of the motion in this case presents the essential requirements of the law in regard to an affidavit of merits. We would suggest that it be followed."

It is true that in the case of *Morgan* v. *McDonald, supra,* a department case, the question arose upon a complaint and an answer. But it does not seem to have occurred to the court or to counsel that the answer might be considered as a substitute for the usual affidavit of merits. The opinion is silent as to what facts were alleged in the answer and as to whether or not the pleading was verified, to say nothing of its sufficiency as a defense on the merits. The case, therefore, is not authority for the proposition that a formal

affidavit of merits is the only mode or means by which a motion to set aside a default judgment can be supported.

The opinion in the case of *Nickerson* v. *Raisin Co., supra,* is even more concise and may be quoted in full:

"To have justified the Court below in setting aside the default, an affidavit of merits on the part of the defendant was essential. Such affidavit must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of the latter could amount to a *prima facie* showing of merits on defendant's behalf. It is obvious that a statement, such as is found in the affidavit in the present case, that defendant 'has fully and fairly stated the said defendant's defense in this action' to his counsel, does not answer the requirement. It might be that the defense relied on was a purely technical one, that did not touch the merits of the controversy. The expression used in the affidavit is not the equivalent of a statement that the defendant had fully and fairly stated to his counsel all the facts in the case.

"Judgment and order affirmed."

It would suffice to say perhaps that in none of these cases is it held that the mere omission of the word "fairly" in following the stereotyped formula is fatal to an affidavit of merits. But the rule as it stands today in California is briefly outlined in 14 California Jurisprudence, sections 105 and 106, pages 1056 and 1057, as follows:

"Section 105.—* * * If the affidavit does not contain the facts, it must show that the party has fully and fairly stated the facts of the case to his counsel, before the latter's advice can amount to a *prima facie* showing of merits. It is not sufficient for a defendant to say that he has fully and fairly stated the facts of his defense or the case of the defendant. * * * But in making the required showing no particular form of words need be employed; and any inartificialities should be considered in connection with the pleadings on file or accomanying the application. * * *.

"Section 106.—Where a showing of merits is necessary, the absence or insufficiency of an affidavit of merits is not fatal if merits are shown by verified pleadings accompanying the application or already on file. Thus a verified complaint in intervention may be sufficient. A verified answer raising material issues, as by denying allegations of the complaint, may be looked to and is a sufficient

affidavit of merits. And the same is true of an answer setting up the statute of limitations. A verified answer which states a good defense, though filed too late to prevent a default, if it still remains in the files upon which the motion is based, is a substitute for an affidavit of merits. So is a proposed answer accompanying the application for relief. And where such an answer is referred to in the notice as one of the papers on which the motion would be based, it is not necessary that it should have been served but it is sufficient as an affidavit of merits if it is produced at the hearing. In fact, the filing of such an answer, even before it was required by a recent amendment to section 473, was regarded as a practice to be preferred to the ordinary affidavit of merits. * * *."

See also 15 R.C.L., pp. 717, 718, sections 167, 170; 1 California Jurisprudence, page 653, section 3.

The essential requisite is that a satisfactory showing be made as to the existence of a meritorious defense, whether this be made to appear by a formal affidavit of merits, by a verified answer, by a sworn motion or otherwise upon the face of the record, thus providing an adequate basis for the exercise of a sound judicial discretion. Some reasonable assurance must be given. The manner in which it is given, if the data be reliable and a matter of record, is unimportant.

The trial judge has a broad discretion in such matters and what constitutes a sufficient showing must depend to some extent upon the circumstances of each particular case. In a revendicatory action, for example, the showing made herein might very well be regarded as unsatisfactory. But in a proceeding of unlawful detainer, the mere fact that a question of title is involved, if the adverse claim is supported by any evidence and demands serious consideration, is a good defense.

Even in the instant case the showing made leaves much to be desired and if the court below had refused to open the default the defendant would have had little reason to complain. On the other hand, however, defendant's attorney is also the official representative of The People of Porto

Rico, said by defendant to be the owner of the property in question and the lessor of defendant. The motion signed by the district attorney as counsel for defendant may be presumed to have been prepared by him in accordance with instructions received from the Department of Justice. The court had a right to assume that the papers transmitted by the defendant to the Commissioner of the Interior had come into the possession of the district attorney through the ordinary, regular and official channels, and that the claim of ownership asserted in the motion was not frivolous, dilatory or entirely untenable, but that it would be duly set up as a defense and would be substantiated by some proof of title. The better practice, of course, in the absence of a proposed verified answer would have been to require a more definite statement from the *fiscal*. But in view of the well established rule of liberality in matters of this kind, heretofore approved and adopted by this court, we find no such abuse of discretion as to justify a reversal and the order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.