MARTÍNEZ, DEMANDANTE Y APELANTE, *v.* SÁNCHEZ Y EL PUEBLO (INTERVENTOR), DEMANDADOS Y APELADOS.

No. 3335.—*Visto:* Noviembre 6, 1924. *Resuelto:* Diciembre 18, 1924.

DESAHUCIO—APERTURA DE REBELDÍA—EJERCICIO DE LA ABOGACÍA POR EL FISCAL—DISCRECIÓN JUDICIAL.—Alegando poseer la finca a virtud de arrendamiento convenido con El Pueblo de Puerto Rico, el demandado en desahucio en este caso .compareció representado por el fiscal del distrito para pedir la apertura de la rebeldía. *Se resolvió:* que la ley que prohibe a los fiscales ejercer la abogacía no es un obstáculo para que el juez en uso de una sana discreción, que deberá ejercer de acuerdo con las circunstancias, permitiera al fiscal comparecer en representación del demandado.

ID.—ID.—AFFIDAVIT DE MÉRITOS; SUFICIENCIA DEL MISMO.—En este caso el apelante se quejaba de que en la moción que dió origen a la apertura de la rebeldía no se alegaba "que el demandado haya hecho una relación completa y fiel de los hechos de su caso a su abogado." *Se resolvió:* que el requisito esencial es que se haga una demostración satisfactoria en cuanto a la existencia de una defensa meritoria, ya sea revelado ese hecho por un *affidavit* de méritos formal, una contestación jurada, una moción jurada, o de otro modo por la faz de los autos, de tal modo, que constituya fundamento ade-

cuado para el ejercicio de una sana discreción judicial. Debe darse alguna seguridad razonable. La forma en que se haga, si los datos fueren auténticos y el asunto oficial, no es importante.

Resolución de R. Díaz Cintrón, J. (Ponce), declarando con lugar moción sobre apertura de rebeldía. *Confirmada.*

R. *Arjona Siaca,* abogado del apelante; F. G. *Pérez Almiroty,* abogado del apelado; José E. *Figueras, Fiscal,* abogado de El Pueblo.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En este caso el demandante estableció una acción de desahucio alegando que el demandado estaba en posesión de cierta finca rústica precariamente, sin derecho alguno, sin pagar canon ni merced y contra la voluntad expresa del demandante; y apela de una resolución que deja sin efecto una sentencia en rebeldía, a virtud de la moción presentada por el demandado la cual es como sigue:

"Comparece el demandado en este caso, Manuel Sánchez Extremera, por conducto del fiscal que suscribe y respetuosamente expone y alega como sigue:

"1. Que es el demandado en esta acción de desahucio, de la que fué emplazado el día 14 de febrero del corriente año, citándosele por la Hon. Corte para la primera comparecencia que había de celebrarse el día 20 de febrero pasado.

"2. Que se trata en este caso de una acción de desahucio solicitando que se desaloje de la finca que se describe en la demanda, y que alega el demandante Juan Martínez Domínguez ser el exclusivo dueño de la misma.

"3. Que el demandado compareciente está en posesión material de dicha finca en concepto de arrendatario de la misma, con contrato que tiene con el pueblo de Puerto Rico, quien según su mejor información y creencia es el legítimo dueño de la misma.

"4. Que tan pronto fué notificado de la presente acción, remitió las diligencias entregando, digo entregándolas, al Hon. Comisionado del Interior de Puerto Rico, para que se estableciese la correspondiente defensa en este caso, ya que el efecto de la sentencia iría contra los intereses del Pueblo de Puerto Rico.

"5. Que por tal motivo, el demandado ahora compareciente no estableció su defensa dentro del tiempo que le señalara esta Hon.

Corte, por creer que el Pueblo de Puerto Rico comparecería dentro del término fijádole, a responder de las alegaciones de la demanda.

"6. Que el compareciente tiene vastos intereses en su concepto de arrendatario en la indicada finca, y tiene sus derechos en virtud del contrato de arrendamiento que tiene con el Pueblo de Puerto Rico, los que seriamente afectados en caso de que prosperara la acción de desahucio establecida por el demandante.

"7. Que el demandado compareciente ha explicado detalladamente a su abogado los hechos de este caso, y éste la ha informado que tiene una buena y justa defensa, y que el demandado así lo cree.

"POR LO QUE a la Hon. Corte suplica se sirva abrir la rebeldía en este caso, dejar sin efecto ni valor alguno la sentencia dictada en el mismo y señalar nuevamente una fecha para la comparecencia de ambas partes, a los efectos que en ley procedan.

"Ponce, Puerto Rico, 6 de marzo de 1924.—(F.)—Agustín E. Font, Fiscal del Distrito.

"Yo, Manuel Sánchez Extremera, bajo juramento declaro que soy del mismo nombre y apellidos indicados, mayor de edad, casado y vecino de Adjuntas, Puerto Rico; que mi abogado me ha leído los hechos que constan en la precedente moción, y los mismos me constan de propio conocimiento, excepto lo alegado por información y creencia, que también creo cierto.—Ponce, P. R. 6 de marzo de 1924.—(Signado) Manuel Sánchez Extremera.—Testigo marca: (f) Manuel Clavell.

"Jurado y signado ante mí por Manuel Sánchez Extremera, mayor de edad, casado y vecino de Adjuntas, P. R., y el demandado en esta acción, a quien conozco personalmente hoy en Ponce, a 6 de marzo de 1924.—(f) F. Godoy, Sub-Secretario Corte Distrito.—Notificado con copia, hoy día 7 de marzo de 1924.—(f) R. Arjona Siaca, Abog. del Dte."

El primer fundamento de oposición del demandante a que se declare con lugar esta moción en la corte inferior fué que la ley prohibe al fiscal del distrito ejercer su profesión de abogado, y por tanto, que no puede comparecer aquí como abogado del demandado. El cumplir con la disposición legal en cuestión parece ser un asunto administrativo más que un deber impuesto al departamento judicial que tenga que cumplirse por indicación de una parte en cualquier determi-

nada controversia. Pero aun cuando se interprete el esta-
tuto como una limitación al derecho que tiene un abogado
de comparecer ante la corte, el juez que preside la corte
probablemente tendría, y a falta de cita de autoridades en
sentido contrario estamos obligados a declarar que tiene
realmente cierta discreción que ha de ejercitar de acuerdo
con las circunstancias; y en el presente caso, en vista de
todo, dicha corte no incurrió en error al prescindir del pre-
cepto estatutorio como fundamento para declarar sin lugar
la moción para anular la sentencia en rebeldía.

Alega también el demandante en su alegato, que además
de los seis motivos referidos en su contramoción presentada
en la corte inferior, también levantó la cuestión de que en
la moción del demandado no se alegaba ''que el demandado
haya hecho una relación completa y fiel de los hechos de su
caso a su abogado.''

Nada encontramos en los autos, sin embargo, que sos-
tenga esta alegación y la única autoridad citada en apoyo
de la misma, es el caso de *Morgan* v. *McDonald,* 70 Cal. 32
(11 Pac. 350).

Por otra parte, el abogado del apelado se conforma con
decir que:

> ''La autoridad citada por la parte apelante, según es fácil com-
> probar, se refiere más bien a un caso, o mejor dicho, a aquellos ca-
> sos en que es el propio demandado y no una tercera persona el que
> acude a un tribunal de justicia solicitando la apertura de una re-
> beldía que por su descuido o negligencia se dejó acusar, pero no a
> un caso en que, como en el presente, son los intereses de una ter-
> cera persona o entidad los que están en entredicho y amenazados a
> ser seriamente lesionados.''

La parte esencial de la decisión en el caso de *Morgan* v.
*McDonald,* está contenida en el siguiente párrafo:

> ''Admitiendo que la demostración fué por lo demás suficiente,
> el affidavit de méritos no lo fué. No estaba de acuerdo con la re-
> gla sentada por esta corte en el caso de *Bank in Nickerson* v. *Cali-
> fornia Raisin Co.,* 61 Cal. 268. Allí se sostuvo que el affidavit debe

acreditar que el demandado ha relatado completa y fielmente los hechos del caso a su abogado. La manifestación en este caso es que el demandado ha referido los hechos de su defensa a su abogado. Esta fué la declaración en el caso que acaba de citarse en el cual fué considerado defectuoso el affidavit. La regla de la corte sometida en la vista de la moción en este caso, muestra los requisitos esenciales de la ley en cuanto a un affidavit de méritos. Sugerimos que sea observada.''

Es verdad que en el caso de *Morgan* v. *McDonald, supra,* un caso del Departamento, quedó trabada la controversia por virtud de la demanda y la contestación. Pero no parece habérsele ocurrido a la corte, o a los abogados, que la contestación podría considerarse en sustitución del affidavit de méritos usual. La opinión nada dice respecto a qué hechos fueron alegados en la contestación, o si el documento estaba o nó jurado, para no hacer mención de la cuestión de su suficiencia como defensa sobre los méritos. El caso, por tanto, no es autoridad para la proposición de que un affidavit de méritos formal es el único modo o medio por el cual puede sostenerse una moción para dejar sin efecto una sentencia en rebeldía.

La opinión en el caso de *Nickerson* v. *Raisin Co., supra,* es aún más breve y puede citarse *in extenso:*

''Para haber estado justificada la corte en dejar sin efecto la rebeldía, era esencial un affidavit de méritos por parte del demandado. Tal affidavit debe acreditar que el demandado ha expuesto completa y fielmente los hechos del caso a su abogado, antes de que el consejo de éste pueda constituir una demostración *prima facie* de méritos a favor del demandado. Es evidente que una manifestación tal como la que aparece en el affidavit en el presente caso, de que el demandado 'ha explicado completa y fielmente dicha defensa del demandado en esta acción' a su abogado, no llena el requisito. Pudiera ser que la defensa alegada fuera una puramente técnica, que no afectaba a los méritos de la controversia. La expresión usada en el affidavit no es equivalente a una declaración de que el demandado había referido completa y fielmente a su abogado todos los hechos del caso.

''Se confirma la orden y sentencia.''

Tal vez sería bastante con decir que en ninguno de estos casos se sostiene que la mera omisión de la palabra "fielmente" de la forma impresa, es fatal en un affidavit de méritos. Pero la regla como hoy prevalece en California ha sido expuesta concisamente en la obra Jurisprudencia de California, tomo 14, secciones 105 y 106, páginas 1056 y 1057, a saber:

"Si el affidavit no contiene los hechos debe demostrar que la parte ha referido completa y fielmente los hechos del caso a su abogado, antes de que el consejo de éste pueda equivaler a una demostración *prima facie* de méritos. No es bastante con que un demandado diga que ha referido los hechos de su defensa o del caso completa y fielmente. . . . . Pero al hacerse la demostración requerida no es necesario emplear ninguna forma particular de palabras; y cualesquiera defectos naturales deben ser considerados en relación con los documentos archivados o que acompañan a la solicitud. . . . ."

"Cuando es necesaria una demostración de méritos, la falta o insuficiencia de un affidavit de méritos no es fatal si se demuestran méritos por alegaciones juradas que acompañan a la petición ya radicada. Así pues, una demanda jurada en tercería puede ser suficiente. Una contestación jurada que revela cuestiones esenciales, por ejemplo, negando alegaciones de la demanda, puede ser considerada y es un affidavit suficiente de méritos. Y lo mismo pasa con una contestación en que se alega el estatuto de prescripción. Una contestación jurada que alega una buena defensa, aunque sea presentada demasiado tarde para impedir una rebeldía, si está todavía en el expediente en que se funda la moción, es un sustituto de un affidavit de méritos. Así también lo es una propuesta contestación que acompaña a la solicitud en que se interesa el remedio. Y cuando en la notificación se hace referencia como uno de los documentos en el cual descansaría la moción, no es necesario que haya sido notificada sino que es suficiente como affidavit de méritos si se presenta en la vista. En resumen, la radicación de tal contestación aún antes de ser exigida por una reciente enmienda a la sección 473, se consideraba como práctica que había de preferirse al affidavit de méritos ordinario."

Véase también el tomo 15 R.C.L. p. 717, 718, secciones 167, 170; 1 Jurisprudencia de California, página 653, sección 3.

El requisito esencial es que se haga una demostración satisfactoria en cuanto a la existencia de una defensa meritoria, ya sea revelado ese hecho por un affidavit de méritos formal, una contestación jurada, una moción jurada, o de otro modo por la faz de los autos, de tal modo, que constituya fundamento adecuado para el ejercicio de una sana discreción judicial. Debe darse alguna seguridad razonable. La forma en que se haga, si los datos fueren auténticos y el asunto oficial, no es importante.

La corte sentenciadora tiene amplia discreción en tales cuestiones y lo que equivale a una demostración suficiente ha de depender hasta cierto punto de las circunstancias en cada caso particular. En una acción reivindicatoria, por ejemplo, la demostración hecha aquí con razón tal vez podría ser considerada como poco satisfactoria. Pero en un procedimiento de desahucio, el mero hecho de estar envuelta una cuestión de título, si la reclamación contraria está sostenida por cualquier prueba y requiere seria consideración es una buena defensa.

Aún en el presente caso, la demostración hecha deja mucho que desear y si se hubiera negado la corte inferior a abrir la rebeldía, el demandado hubiera tenido poca razón para quejarse. Por otra parte, sin embargo, el abogado del demandado es también el representante oficial del Pueblo de Puerto Rico quien el arrendatario dice que es el dueño de la finca en cuestión y arrendador del demandado. La moción suscrita por el fiscal de distrito como abogado del demandado es de presumirse que fué redactada por él de conformidad con las instrucciones recibidas del Departamento de Justicia. La corte tenía derecho a suponer que los documentos trasmitidos por el demandado al Comisionado del Interior llegaron a manos del fiscal por las vías ordinarias, regulares y oficiales, y que la alegación de dominio a que se hizo referencia en la moción no era frívola, dilatoria o enteramente insostenible, sino que sería debida-

mente alegada como defensa y descansaría en cierta prueba de título. Hubiera sido mejor práctica desde luego haber exigido una manifestación más definida en este sentido, a falta de una propuesta contestación jurada. Pero teniendo en cuenta la bien establecida regla de liberalidad en cuestiones de esta naturaleza, hasta aquí aprobada y sancionada por esta corte, *no encontramos* un abuso de discreción tal, que justifique la revocación de la sentencia, *y debe confirmarse la resolución apelada.*