[No. 9,519.   Department Two—December 16, 1884.]

## THE PEOPLE, EX REL. STATE BOARD OF HARBOR COMMISSIONERS, RESPONDENTS, *v.* H. M. LARUE ET AL., APPELLANTS.

CHANGE OF PLACE OF TRIAL—DEMAND.—The demand for a change of the place of trial may be signed by an attorney simultaneously with his appearance.

ID.—AFFIDAVIT OF MERITS—SURETIES.—Where several defendants are sued as sureties on a bond, an affidavit of merits in support of a motion for a change of the place of trial need not be made by more than one of them.

ID.—An affidavit of merits, which recites that the affiant "has fully and fairly stated *his case* and the facts constituting his defense in the action" to his attorney is insufficient; the affiant should aver that he has fully and fairly stated *the case* to his attorney.

APPEAL from an order of the Superior Court of the city and county of San Francisco, refusing to change the place of trial.

The facts are stated in the opinion of the court.

*J. T. Wendell,* for Appellants.

*T. C. Coogan,* for Respondents.

The COURT.—Appeal from an order refusing to change the place of trial.

Both defendants filed a demurrer to the complaint, and filed a demand in writing, signed by their attorney, that the place of trial be had in the county where they resided. Notice of the motion for change of place of trial was given by both defendants, and stated that the motion was based on the papers on file and the affidavit of Greenlaw. The affidavit of merits was the affidavit of defendant Greenlaw alone, and stated that " he has fully and fairly stated his case, and the facts constituting his defense in the said action," to his attorney.

The respondents, on behalf of the correctness of the order denying the motion, urge :

First.   That the demand was not signed by the defendants in person ; that the attorney had no authority until he had appeared in the action.

The appearance and the demand were simultaneous acts. There is nothing in the point.

Second. That Larue did not file any affidavit of merits, nor was one filed on his behalf.

The defendants were sued as sureties on a bond. The point is not well taken. (*Rowland* v. *Coyne*, 55 Cal. 1.)

Third. That Greenlaw's affidavit was insufficient; and cite *Nickerson* v. *California Raisin Company*, 61 Cal. 268. In that case, the affidavit was that he had stated *his defense*—and the affidavit was held defective. In the case at bar, the affidavit was that he had fully stated *his case* and the facts constituting *his defense* in the action.

We are of opinion that the affiant, in saying that he had stated *his case*, in effect said no more than that he had stated *his defense*—not that he had stated *the case ;* and that the decision in *Nickerson* v. *California Raisin Company*, *supra*, applies. See also, *Watkins* v. *Degener*, 63 Cal. 500.

Order affirmed.