JENKINS v. GAMEWELL FIRE ALARM TELEGRAPH
COMPANY et al.

No. 14,249; November 30, 1892.

31 Pac. 570.

Judgment by Default—Affidavit to Set Aside.—An affidavit to
set aside a judgment by default is not sufficient where it shows that
defendants served notice of appearance on plaintiff's attorneys, but
does not show that they agreed to extend defendants' time to answer,
or that defendants supposed their time had been extended.

Judgment by Default.—An Affidavit of Merits, Stating Facts on
information and belief, is insufficient, as being hearsay.[1]

APPEAL from Superior Court, City and County of San
Francisco; John F. Finn, Judge.

Action by A. L. Jenkins against the Gamewell Fire Alarm
Telegraph Company and others. From an order setting aside
a judgment by default, plaintiff appeals.

Dorn & Dorn and Maxwell & McEnerny for appellant; H.
B. M. Miller for respondents.

GAROUTTE, J.—Appeal from an order setting aside a
judgment by default, defendants having failed to answer
within the time allowed by law. Conceding the facts to be as
stated in respondents' affidavit, still no showing of excusable
neglect is made. There is nothing in the affidavit to indicate
that plaintiff's attorneys either expressly or impliedly agreed
to extend defendants' time to answer, or that defendants sup-
posed their time had been extended. In referring to the dis-
cretion of the trial court in these matters, it was said in
Bailey v. Taaffe, 29 Cal. 424: "The discretion intended, how-
ever, is not a capricious or arbitrary discretion but an im-
partial discretion, guided and controlled in its exercise by
fixed legal principles. . . . . If, on the contrary, we are sat-
isfied beyond a reasonable doubt that the court below has
come to an erroneous conclusion, the party complaining of the

---

[1] Cited and followed in Moody v. Reichow, 38 Wash. 307, 80 Pac.
462, where it is said that "an affidavit of merits must be made by
the person having particular knowledge of the facts stated" in it.

error is as much entitled to a reversal in a case like the present as in any other.'' This is no question of conflict of evidence, but defendants' affidavit, standing alone, fails to reach the mark.

The affidavit of merits is also insufficient. It states that one of the defendants has fully and fairly stated the facts of the case to affiant (defendants' attorney), and he believes that said defendants have a good and substantial defense, etc. Affiant's information as to the facts of the case is purely hearsay. Bailey v. Taaffe, supra, with sound reason holds such an affidavit of no avail.

Let the order be reversed.

We concur: Paterson, J.; Harrison, J.