[Civ. No. 457.   First Appellate District.—March 17, 1908.]

### ROSE L. COOPER-POWER, Appellant, v. ELIZABETH R. HANLON, Executrix of Will of JOHN D. HANLON, Deceased, Respondent.

JUDGMENT—MOTION TO SET ASIDE DEFAULT—INSUFFICIENT AFFIDAVIT OF MERITS.—A motion to vacate and set aside a judgment by default, which does not present a verified answer, but sets forth an affidavit of merits, which fails to show that the defendant had stated all of the facts of the case to her counsel, but in that regard merely states ''that affiant has fully and fairly stated the facts constituting her defense to the cause of action set out in the complaint in said action to her counsel,'' etc., is insufficient; and an order setting aside the judgment upon such affidavit must be reversed.

APPEAL from an order of the Superior Court of the City and County of San Francisco, setting aside a judgment by default.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, for Appellant.

Coffey & Coffey, and Edward C. Harrison, for Respondent.

HALL, J.—This is an appeal by plaintiff from an order granting the motion of defendant to vacate and set aside a default that had been duly entered against her for failure to appear and answer to plaintiff's complaint.   The notice of motion was given a few days before the expiration of six months from the entry of the default, and stated that the motion would be made upon the grounds that said default had been taken against defendant through her inadvertence, mistake and excusable neglect.   No answer or proposed answer

was served with the notice, but an affidavit of merits sworn to by defendant was served.

This affidavit of merits fails to state that defendant has or had stated all the facts of the case to her counsel, but in that regard simply states, "That affiant has fully and fairly stated the facts constituting her defense to the cause of action set out in the complaint in said action, to her counsel, etc." Such an affidavit has repeatedly been held insufficient as an affidavit of merits. (*Palmer & Rey* v. *Barclay*, 92 Cal. 199, [28 Pac. 226]; *Morgan* v. *McDonald*, 70 Cal. 32, [11 Pac. 350]; *People* v. *Larue*, 66 Cal. 235, [5 Pac. 157]; *Nickerson* v. *California R. Co.*, 61 Cal. 268.)

The order must be reversed and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1908.