[Civ. No. 1044.    Second Appellate District.—February 21, 1912.]

## DIXON L. PHILLIPS, Appellant, v. BERTIE LOGAN, Respondent.

VENUE—CHANGE OF PLACE OF TRIAL TO RESIDENCE OF DEFENDANT—ERRONEOUS ORDER—INSUFFICIENT AFFIDAVIT OF MERITS.—An order changing the place of trial to the residence of the defendant is erroneous and must be reversed where the court's ruling is based upon an insufficient affidavit of merits, "that affiant has fully and fairly stated the facts of her case herein to her attorney," by whom she was advised that she had a good and valid defense to the action. Such affidavit in effect stated that she had merely stated her defense and not all of the facts of the case, as required.

APPEAL from an order of the Superior Court of Kings County changing the place of trial. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Dixon L. Phillips, *in pro. per.,* and W. A. Strong, for Appellant.

E. S. Bell, for Respondent.

SHAW, J.—Plaintiff appeals from an order of the superior court granting defendant's motion for a change of the place of trial from Kings county to the county of Napa, wherein she resided at the time of the commencement of the action.

The error in the court's ruling is based upon the alleged insufficiency of the affidavit of merits made by defendant, wherein it was stated "that affiant has fully and fairly stated the facts of her case herein to her attorney," by whom she was advised that she had a good and valid defense upon the merits of the action. Upon the authority of *Nickerson* v. *California Raisin Co.,* 61 Cal. 268, and *People* v. *Larue,* 66 Cal. 235, [5 Pac. 157], the court erred in granting the motion. The statement contained in the affidavit of merits that defendant had stated *her case* was, in effect, saying that she had stated merely her defense.

The order appealed from is reversed.

Allen, P. J., and James, J., concurred.