[Civ. No. 1193.  First Appellate District.—March 5, 1913.]

EDWIN FORREST, Appellant, v. E. J. KNOX et al., Respondents.

JUDGMENT BY DEFAULT—MOTION TO VACATE—AFFIDAVIT OF MERITS—An affidavit of merits, on motion to open a default judgment, which recites that "I have fully and fairly stated the case of the defendants," etc., instead of the facts of the case, is insufficient.

ID.—ABSENCE OF NOTICE OF FILING AFFIDAVIT.—An affidavit in support of a motion to open a default judgment, filed by permission of court after the submission of the motion, but without notice to the plaintiff and not referred to in the notice of motion, cannot be considered.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a default judgment. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, for Appellant.

Denson, Cooley & Denson, for Respondents.

HALL, J.—This is an appeal by plaintiff from an order made by the court granting a motion of defendants to vacate and set aside a default judgment regularly entered against defendants after personal service of summons. The appeal comes to this court upon a bill of exceptions duly settled, but though appellant filed his points and authorities July 9,

1912, respondents have filed no reply thereto, and made no appearance in this court at the calling of the case on the last calendar (January, 1913).

The order cannot be sustained but must be reversed. The notice of motion stated that it would be made upon the affidavit of E. J. Knox, one of the defendants, and the records and papers in the action. The Knox affidavit sets out facts upon which is predicated a claim of excusable neglect and inadvertence. This affidavit and the other papers in the action were read upon the hearing of the motion, and the same was thereupon submitted. The affidavit of said Knox was wholly insufficient as an affidavit of merits in that it stated that "I have fully and fairly stated *the case of the defendants* in this action," etc., instead of the *facts of the case.* (*Morgan* v. *McDonald,* 70 Cal. 32, [11 Pac. 350]; *Cooper-Power* v. *Hanlon,* 7 Cal. App. 724, [95 Pac. 678]; *Jensen* v. *Dorr,* 9 Cal. App. 18, [98 Pac. 45].)

After the submission of the motion defendants, without notice to plaintiff and without his knowledge, obtained permission from the court to file the affidavit of Anton Dos Reis in support of said motion. No notice of the filing of said last mentioned affidavit was given to plaintiff or his attorney until after the granting of the motion, and said affidavit was in no way referred to in the notice of the motion. Under these circumstances the affidavit of said Dos Reis cannot be considered in support of the motion. (Code Civ. Proc., sec. 1010.)

The order vacating and setting aside the judgment and default is reversed.

Lennon, P. J., and Murphey, J., *pro tem.,* concurred.