[Civ. No. 1594.   Second Appellate District.—September 25, 1914.]

## HORACE SLATER, Appellant, v. S. A. SELOVER, Respondent.

JUDGMENT BY DEFAULT—MOTION TO VACATE—GRANTING ON INSUFFICIENT GROUNDS.—An order vacating a default judgment, which has been entered against a defendant for failure to plead within the time prescribed by law, is erroneous, if the affidavits in support of the motion therefor merely aver that the defendant, when served with summons, expected to be engaged in business out of town and turned

the papers over to his business partner with instructions to have the action defended, and that the latter placed them in a pigeonhole "and through mistake, inadvertence and excusable neglect did not have an answer put in."

ID.—AFFIDAVIT OF MERITS—WHEN INSUFFICIENT.—In such case an affidavit of merits is insufficient, which avers "that affiant has a good and meritorious defense to said action, and wishes to defend same, and that affiant has stated his defense to his attorney, who informs him that he has a good defense to said action." The affidavit should show that the defendant stated all the facts of the case to his attorney, not merely those constituting his defense.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

Dysert & Gunn, and Jay Briggs, for Respondent.

SHAW, J.—This is an appeal from an order of court granting defendant's motion to set aside his default and vacate the judgment entered thereon.

Defendant was duly served with summons and neglected to plead within the time prescribed therefor. Whereupon his default for such failure was entered by the clerk, followed by the entry of judgment on February 27, 1914. On March 23d following, pursuant to notice thereof duly given, defendant, upon the grounds that he had a good and meritorious defense and that his failure to plead was due to mistake, inadvertence, and excusable neglect, moved the court to vacate the judgment and set aside the default and permit him to answer. This motion was supported by defendant's affidavit to the effect that, when served with summons, he expected to be engaged in business out of town, by reason of which fact he gave the papers to one Whipple, his business partner, and instructed him to attend to the matter and have the action defended; and supposing Whipple had followed his instructions he dismissed the subject from his mind and did not discover such omission to answer until after default was entered. Whipple's affidavit filed in support of the motion corroborates that of Selover, in addition to which he merely avers

that, upon the papers being delivered to him by Selover, he placed them in a pigeonhole, "and through mistake, inadvertence and excusable neglect did not have an answer put in said case, and forgot all about said action until March 12th."

We think the averments of the affidavit wholly insufficient to sustain the ruling of the court. At the very most, disregarding the conclusion, since no other facts are stated from which the court could find that defendant's omission was due to mistake, inadvertence, and excusable neglect, it appears the defendant intrusted and delivered the papers to Whipple, instructing him to have the action defended, and Whipple, as he says, "forgot all about said action." It would be difficult to conceive of a case possessing less merit.

However this may be, the order is erroneous for the reason that no sufficient affidavit of merits was presented, without which the order could not be made. (*Nevada Bank* v. *Dresbach,* 63 Cal. 324; *Quan Quock Fong* v. *Lyons,* 20 Cal. App. 668, [130 Pac. 33].) The only statement as to merits is contained in the affidavit of defendant, wherein he avers "that affiant has a good and meritorious defense to said action, and wishes to defend same, and that affiant has stated his defense to his attorney who informs him that he has a good defense to said action." Such statement has been repeatedly held to be insufficient as an affidavit of merits. (*Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *People* v. *Larue,* 66 Cal. 235, [5 Pac. 157]; *Cooper-Power* v. *Hanlon,* 7 Cal. App. 724, [95 Pac. 678]; *Phillips* v. *Logan,* 18 Cal. App. 287, [122 Pac. 1096].) Not only does the affidavit limit the facts stated by defendant to his attorney to those constituting his defense, but such defense as stated may have been purely technical and without any merit whatsoever. Such affidavit should have shown that defendant stated all the facts of the case to his attorney, and not merely those constituting his defense.

The order is reversed.

Conrey, P. J., and James, J., concurred.