[Civ. No. 2613.  First Appellate District, Division One.—January 16, 1919.]

# W. S. ANDREWS, Appellant, v. JOS. R. H. JACOBY, Respondent.

JUDGMENT—VACATING DEFAULT—INSUFFICIENT AFFIDAVIT OF MERITS.— An order setting aside a default judgment is clearly erroneous where the affidavit of merits is made by the attorney instead of by the client, and states that the affiant is informed and believes, and therefore alleges, that defendant fully and fairly stated all the facts of the case to affiant, and affiant believes and advised defendant that defendant had a good and meritorious defense · on the merits of the action.

ID.—INEXCUSABLE NEGLECT OF DEFENDANT.—Although courts will in a proper case relieve a client from the result of the neglect of his too busy attorney, the mere fact that the client is busy and occupied with other affairs never constitutes an excuse for his neglect to answer a summons in time.

ID.—DOUBLE SERVICE OF SUMMONS.—The rule that a valid service of a summons once made is unaffected by a second one has no application where the first service was a substituted one, entitling the plaintiff to only a judgment *in rem,* in which case he would be entitled to serve the defendant personally in order to be entitled to a personal judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco.  E. P. Mogan, Judge.  Reversed.

The facts are stated in the opinion of the court.

A. E. Shaw and Leon Martin for Appellant.

John D. Rutledge for Respondent.

KERRIGAN, J.—This is an appeal from an order of the superior court of the city and county of San Francisco setting aside a default judgment.

The action was commenced in April, 1916, by plaintiff as the owner of a promissory note against the defendant as maker thereof.  In October, 1916, an order of publication of service of summons was made, and the complaint and sum-

mons were received through the mail by defendant in Boston, Massachusetts, about October 31, 1916. Thereupon defendant sent the papers to his attorney in San Francisco, Mr. John D. Rutledge, who noted the last day for defendant to answer as January 25, 1917. Defendant returned to California late in December, 1916, and was personally served with the summons and complaint in San Francisco on January 8, 1917. On the following day, January 9th, he handed these papers to Mr. Rutledge, stating that he had just been served therewith. On January 19th Mr. Rutledge asked plaintiff's attorneys for an extension of time to answer, and was informed that defendant's default had been entered and judgment taken against them that morning. Under this state of facts Mr. Rutledge immediately noticed a motion to set aside the default, basing his application upon an affidavit by himself, reciting the foregoing facts, and setting up in addition that defendant had left California on January 12th, and was still absent. As to the merits, the affidavit read as follows: "Affiant is informed and believes; and therefore alleges, that defendant fully and fairly stated all the facts of the case in the above entitled action to affiant, and affiant believes and advised said defendant that said defendant had a good and meritorious defense on the merits of said action."

On the hearing of the motion Mr. Rutledge filed a further affidavit, the material portion of which is to the effect that on the eighth day of January, when he was served, defendant was very busy closing up his business affairs and preparing to move his family to Massachusetts, and that he left on the 12th.

The lower court was clearly in error in setting aside the default on the showing made. The attorney had no way of knowing whether his client had stated all the facts to him, nor could he tell whether or not the client believed he had a meritorious defense. As a full statement of facts by the client, and an honest belief by him in the existence of a meritorious defense, are essential to an affidavit of merits, it is obvious that the hearsay statements of Mr. Rutledge's affidavit above quoted are hopelessly insufficient in law as in fact. (*Bailey* v. *Taafe,* 29 Cal. 424; *Jenkins* v. *Gamewell etc. Co.,* 3 Cal. Unrep. 655, [31 Pac. 570].) Furthermore, the mere fact that the *client* is busy and occupied with other affairs is never held to constitute an excuse for his neglect to answer a summons

within time, although the courts will in a proper case relieve a client from the result of the neglect of his too busy attorney. If the rule were otherwise, few judgments by default would stand, for most men could plead their business as an excuse for not answering the summons of the court.

Finally, it cannot be seriously doubted that in cases of a double service of process, where the first one is valid and accomplished all the purposes for which a summons is issued, it is not annulled by a second service; but here there is no such proof of service of the first process as is required by the provisions of section 415 of the Code of Civil Procedure. Moreover, we think the rule sought to be invoked here, viz., that a valid service once made is unaffected by a second one, has no application to a case where, as here, the first was a substituted service entitling the plaintiff to only a judgment *in rem.* In such a case we think the plaintiff, notwithstanding the first service, would be entitled to serve the defendant personally in order to be entitled to a personal judgment against him.

For the reasons given the order is reversed.

Waste, P. J., and Richards, J., concurred.