[Civ. No. 3154.  Second Appellate District, Division One.—November 26, 1920.]

TRIX NINDE ROSS, Respondent, v. SAN DIEGO GLAZED CEMENT PIPE COMPANY (a Corporation), Appellant.

[1] JUDGMENT—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE —NOTICE OF MOTION—STATEMENT OF GROUNDS.—In view of section 1010 of the Code of Civil Procedure, a notice of a motion for relief from a judgment made under section 473 of such code should state the grounds upon which the motion will be made, and a notice merely stating that the motion would be based upon affidavits, served with the notice, and upon the records and files in the action, is insufficient.

[2] ID.—AFFIDAVIT OF MERITS—STATEMENT OF FACTS.—An affidavit of merits is essential to a motion for relief from a judgment under section 473 of the Code of Civil Procedure, and an affidavit which

merely declares that the moving party has stated to her attorney all of the facts upon which the cross-complaint is based is insufficient.

[3] Id.—Order Setting Aside Default and Judgment—Insufficient Showing of Inadvertence.—An order setting aside a default and a judgment entered on a cross-complaint for failure to answer the pleading is without justification where the application for relief fails to show any reason or excuse for the inadvertence or negligence of the attorney who should have filed the answer, notwithstanding his death on the day of hearing of the motion.

APPEAL from an order of the Superior Court of San Diego County setting aside default and judgment. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

John H. McCorkle for Appellant.

C. O. Whittemore for Respondent.

CONREY, P. J.—This is an appeal by the defendant and cross-complainant from an order setting aside the judgment rendered on the cross-complaint and setting aside the default of the plaintiff and cross-defendant for failure to answer the cross-complaint of defendant, and allowing plaintiff and cross-defendant to file an answer to the cross-complaint.

[1] As provided in section 473 of the Code of Civil Procedure, a court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; the application therefor being made within the time and in the manner provided. The notice of such a motion or application should state the grounds upon which it will be made. (Code Civ. Proc., sec. 1010.) An affidavit of merits is essential to such a motion for relief from a judgment. (*Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342, 345, [139 Pac. 805].) In this case the record shows that the notice of motion did not purport to state the grounds upon which the application would be made, but merely stated that it would be based upon two certain affidavits, which

were served with the notice, and upon the records and files in the action.

[2] An affidavit of merits must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of counsel can amount to a *prima facie* showing of merits on behalf of the defendant. For a defendant to say that he has fully and fairly stated the facts of his defense to his attorney is not a compliance with the rule requiring that he shall state the facts of the case. (*Morgan* v. *McDonald*, 70 Cal. 32, [11 Pac. 350]; *Andrews* v. *Jacoby*, 39 Cal. App. 382, [178 Pac. 969].) The affidavits of respondent and of her counsel, C. O. Whittemore, do not purport to state that respondent stated all of the facts of the case to said attorney. They only say that "she has fully and fairly stated all of the facts upon which the cross-complaint herein is based" to her attorney, and was by him advised that she has a good defense to the cause of action alleged in the cross-complaint. As affidavits of merits, these are no better than those which were held to be insufficient in the cases above cited.

[3] The facts leading up to the entry of the judgment upon the cross-complaint appear without dispute, and are as follows: On December 10, 1918, a cross-complaint was duly served on the plaintiff by delivery to her then attorney of record, J. R. Whittemore, who on the following day by letter to appellant's attorney acknowledged receipt of copy of the cross-complaint. On receiving the cross-complaint J. R. Whittemore instructed his stenographer to place the same in the office files in the action, but gave no instructions whatever regarding the necessity of having to prepare an answer to the cross-complaint or of noting the date when such answer should be filed. No further action regarding the case was ever taken by said J. R. Whittemore. There is no evidence that any negotiation was had or application of any kind made for an extension of time to answer. On the twenty-first day of August, 1919, the default of plaintiff for failure to answer the cross-complaint was entered. Four days later a *pro forma* hearing was had before the court, and upon the evidence thus received judgment for the relief demanded by the cross-complaint was duly entered. J. R. Whittemore died on August 25, 1919, the day on which said judgment was entered. There is, however,

nothing in the record showing that he was suffering from illness or otherwise unable to attend to his professional affairs prior to the day of his death. The application for the order setting aside the judgment and default is totally wanting in any showing of reasons or causes or excuses for the inadvertence or negligence of the attorney in failing to file an answer to said cross-complaint. ''Inadvertence in the abstract is no plea upon which to set aside a default. The court must be made acquainted with the reasons for the inadvertence; and, if satisfactory, will act upon them and relieve from burdens caused by them; but, if the inadvertence is wholly inexcusable, as if it arises from gross negligence, the court will not look upon it kindly, and will have none of it.'' (*Shearman* v. *Jorgensen,* 106 Cal. 483, [39 Pac. 863].) The fact that by reason of the attorney's death it became impossible to obtain his explanation of his apparent negligence cannot be accepted as raising a presumption that such negligence was in fact excusable. Regrettable as the circumstance may be, the stubborn fact remains that there is in the record no evidence sufficient to justify an order setting aside the judgment or default in this case.

The order is reversed.

Shaw, J., and James, J., concurred.