[Civ. No. 6215. Second Appellate District, Division One.—May 3, 1929.]

JOHN SALSBERRY, Appellant, v. C. C. JULIAN, Respondent.

Culbert L. Olsen for Appellant.

David H. Cannon for Respondent.

McLUCAS, J., *pro tem.*—This is an appeal from an order vacating a default judgment granted against the defendant. The complaint was for money due and was filed on September 29, 1926. A copy thereof, together with summons, was served on defendant in Los Angeles County on September 30th. Default was entered and judgment given and entered on October 14th. On October 18th defendant served and filed notice of motion to vacate and set aside the judgment on the ground that the judgment was entered against the defendant. through his mistake, inadvertence, surprise and excusable neglect. The motion was based upon the affidavit of defendant's attorney and upon all records and files in said action and upon the verified answer of the defendant offered for filing and served with said notice. The verified answer contained a denial of the material allegations of the complaint. The plaintiff filed several affidavits in opposition to said motion, which was set for hearing on October 25th. On October 25th, after the submission of the motion, defendant made and served upon the plaintiff an additional affidavit of merits, which was filed on October 26th.

There was a decided conflict in the showing made by the respective parties as to whether defendant was ill between October 1st and October 8th, and also as to whether negotiations for settlement were pending at the time the default was entered. On this showing the court resolved the doubt in favor of the defendant. ■ An application to be relieved from a default judgment, made under section 473 of the Code of Civil Procedure, is addressed to the sound discretion of the trial court, and it is a well-settled rule of this court that the action of the trial court in the exercise of

such discretion will not be set aside upon appeal, unless an abuse of discretion shall clearly appear, and that any doubt that may exist in that regard should be resolved in favor of the application, to the end that a trial of the cause upon the merits may be had. (*Waybright* v. *Anderson,* 200 Cal. 374 [253 Pac. 148]; *Gorman* v. *California Transit Co.,* 199 Cal. 246 [248 Pac. 923]; *Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 Pac. 214].) ■ No such abuse of discretion clearly appears in the instant case. Serious illness, in connection with other circumstances, has been held a ground for relief in *Fink & Schindler Co.* v. *Gavros,* 72 Cal. App. 688 [237 Pac. 1083], *Patterson* v. *Keeney,* 165 Cal. 465 [Ann. Cas. 1914D, 232, 132 Pac. 1043], *Burns* v. *Scooffy,* 98 Cal. 271 [33 Pac. 86], and *Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co.,* 128 Cal. 619 [61 Pac. 277]. The defendant was served with summons and complaint on September 30th. Defendant's affidavit recites that at the time of service of the summons on defendant, affiant was busily engaged in important business transactions which required his constant and careful attention; that affiant placed the summons and complaint among his papers, intending to deliver them to his attorney, but because of the pressure of business affiant failed to indorse on the copy of the complaint and summons the date of the service thereof; that on October 1st affiant became so ill as to prevent his attending to his usual business until October 8th; that upon the return of affiant to his office after his illness he immediately delivered to his attorney the summons and complaint. The affidavit of defendant's attorney states that he was handed a copy of the complaint and summons by the defendant on October 8th; that defendant had just returned to his office after an absence therefrom occasioned by illness; "that said affiant was at the time he received the copy of the summons and complaint given the impression that said summons had just been served upon the defendant," and that affiant did not learn that the summons was served on the defendant on September 30th until the date of the filing of the motion to set aside the default judgment on October 15th. In *Brasher* v. *White,* 53 Cal. App. 545 [200 Pac. 657], it was held an abuse of discretion to deny a prompt application for relief where the attorney was laboring under a mistake as to the date of service of summons. In the case

at bar the attorney was laboring under a similar mistake and a prompt application for relief was likewise made. Pending negotiations for settlement, in connection with other circumstances, has also been held a ground for relief from a default judgment. (*Merchants' Ad-Sign Co.* v. *Los Angeles Bill Posting Co., supra.*)

Appellant further urges that defendant failed to make a *prima facie* showing of merits in support of his motion to set aside the judgment. It may be conceded that the affidavit of defendant's attorney, to the effect that affiant had discussed with the defendant the matter of his defense and that affiant was of the opinion, and had so advised defendant, that he had a good and meritorious defense, is deficient in that said affidavit did not state that defendant had stated the facts of the case to his attorney; but it is also to be remembered that the verified answer of the defendant, denying the material allegations of the complaint, was on file with the motion and could be considered by the court in determining whether the application was meritorious. ■ Where a verified answer equivalent to an affidavit of merits accompanies the motion to vacate judgment an affidavit of merits made by the defendant in person is not a jurisdictional element for granting relief under section 473, Code of Civil Procedure. (*Waybright* v. *Anderson, supra; Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932]; *Williams* v. *McQueen,* 89 Cal. App. 659 [265 Pac. 339]; *Eberhart* v. *Salazar,* 71 Cal. App. 336 [235 Pac. 86]; *Sampanes* v. *Chazes,* 54 Cal. App. 612 [202 Pac. 462]; *Fulweiler* v. *Hog's Back Consol. Min. Co.,* 83 Cal. 126 [23 Pac. 65]; *Montijo* v. *Sherer & Co.,* 5 Cal. App. 736, 739 [91 Pac. 261].) In *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353], the court said: "The further objection that there was no affidavit of merits is met by the consideration that a verified answer setting forth a defense to the cause of action alleged in the complaint was actually on file at the time the notice was served. That such verified answer meets all the requirements of an affidavit of merits is, of course, well settled. (*Bailey* v. *Taaffe,* 29 Cal. 423; *Fulweiler* v. *Hog's Back Consol. Min. Co.,* 83 Cal. 126 [23 Pac. 65]; *Melde* v. *Reynolds,* 129 Cal. 308 [61 Pac. 932].) This answer, whether properly filed or not, was in fact one of the 'records and files in said action,' referred to in the notice, and was certainly available as an affidavit showing

a meritorious defense. (See *Reher* v. *Reed*, 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263].)"

In addition to the affidavit of merits made by the defendant's attorney, which was also served upon the plaintiff on the day the application was submitted, but after submission thereof, an affidavit of merits by the defendant personally was presented. This rebuttal affidavit was filed on October 26th, the day after submission of the application. No objection to the filing was then made, but counter-affidavits in reply thereto were thereafter filed by the plaintiff. Appellant objects to the sufficiency of the affidavit of merits filed by the defendant in person on the ground that said affidavit states that defendant "fully, fairly and completely stated to his attorney all the facts concerning said cases and acquainted his said attorney with his defense to said motions," instead of stating that defendant fully and fairly stated the facts of this case to his counsel. We observe no merit in this contention. ■ An affidavit stating that defendant has stated all the facts concerning this case and a companion case is the substantial equivalent to an affidavit stating that defendant has stated all the facts of this case to his counsel. The affidavit includes all the requisites laid down in the cases cited by appellant. ■ Appellant states that defendant's counsel, on submission of the motion, was not granted leave to file any additional or amended affidavits of merits, but following the submission of the motion defendant served on plaintiff's attorney, and on the following day, without leave of court, filed the affidavit of defendant. Appellant concedes that defendant had secured leave, when the motion was submitted, to file additional affidavits in rebuttal to plaintiff's affidavits after the submission of the motion. Appellant relies upon the case of *Forrest* v. *Knox et al.*, 21 Cal. App. 363 [131 Pac. 894], and urges that the notice of motion to vacate the judgment was not based on this affidavit of defendant and that this affidavit was not referred to in the notice. In the case of *Forrest* v. *Knox, supra,* after submission of the motion defendant, without notice to plaintiff and without his knowledge, obtained permission from the court to file another affidavit in support of his motion. In the present case a copy of defendant's affidavit was served upon the plaintiff on the day the motion was submitted, October 25th. Coun-

ter-affidavits in reply thereto were filed by the plaintiff on October 26th. The motion was not decided until December 8th. Meanwhile plaintiff made no objection to the filing of defendant's affidavit and no motion was made to strike said affidavit from the files. It follows that plaintiff is in no position to urge this objection on appeal.

■ Much of the showing made in plaintiff's affidavits goes to the merits of the case. On the hearing of a motion or application for relief the truth of the affidavit of merits, or of the matters of fact set forth in the affidavit as a defense, or as a basis of the applicant's rights in the original proceedings, cannot be controverted. Counter-affidavits going to the merits of the case are therefore irrelevant and improper. (14 Cal. Jur., p. 1071.)

■ Appellant contends that the court itself did not examine the record and, on passing on the motion, did not exercise its own discretion based upon its own knowledge of the record of the showings presented in support of and in opposition to the motion, but erroneously referred the same to a court commissioner upon whose conclusions, assistance or recommendations the motion was granted. The trial court certified "that said motion was submitted to the court without oral argument for lack of time of the court to hear oral argument, and for the same reason and to assist the court the records, proofs and briefs filed by counsel were upon the submission of said motion referred to a court commissioner, with whose assistance the court considered said record before passing on said motion." We see no merit in plaintiff's contention. While we have been unable to find any authority for referring a motion to set aside a default judgment to a court commissioner for decision, yet the record on its face does not show that the motion was so referred, but only that the records, proofs and briefs filed by counsel were, upon the submission of said motion, referred to a court commissioner. On its face the certificate shows that the court considered the record, with the assistance of the commissioner, before passing on the record. It is to be presumed that the court itself passed on the record, and the order setting aside the judgment is made by the court itself.

The order setting aside the judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.