[Civ. No. 6216. Second Appellate District, Division One.—May 3, 1929.]

JOHN SALSBERRY, Appellant, v. C. C. JULIAN, Respondent.

Culbert L. Olsen for Appellant.

David H. Cannon for Respondent.

THE COURT.—Appeal from an order setting aside a default judgment rendered and entered in favor of the plaintiff and against the defendant. Substantially the same questions are raised on this appeal as are raised in *Salsberry* v. *Julian, ante,* p. 638 [277 Pac. 516], and for the reasons stated therein and in this opinion, the order setting aside the judgment is affirmed.

In this case appellant further contends that the answer and deposition of defendant do not show a meritorious defense in this respect, that the alleged trust was invalid by reason of uncertainty. This is an action for the conversion of corporate stock. The answer specifically denies that plaintiff made demand for the stock as alleged in the complaint and denies that defendant has wrongfully deprived the plaintiff of any of the stock of plaintiff, and denies that defendant converted any of plaintiff's stock. By way of affirmative defense, the answer alleges that the defendant is

holding the said stock belonging to the plaintiff as one of the trustees under the terms of a certain agreement made and entered into between the plaintiff, the defendant, Jacob Berger and Edward Staunton wherein it was agreed that said parties would pool their stock with a trustee until such time as it was agreed between said parties that said stock might be released from said pool; that Edward Staunton and the defendant were, with the consent and at the request and suggestion of plaintiff, appointed trustees to hold the said stock until such time as said parties should unanimously agree to release said stock from the custody of the trustees to the respective owners thereof. The answer further avers: "That the defendant has never, nor does he now claim, the ownership of the 205,000 shares of stock so deposited, as aforesaid, by the plaintiff with the defendant; nor has the defendant in the past nor does he now claim the right to control or hold said stock except under and by virtue of the agreement heretofore entered into between the plaintiff, the defendant, Jacob Berger and Edward Staunton." Appellant contends that where the answer and the deposition of defendant establishes the fact that defendant has not a meritorious defense to the action and acknowledges an invalid trust as an excuse for the conversion complained of, and where the amount of the judgment is shown to be correct, that even if a satisfactory showing of excusable neglect has been made, this court should reverse the action of the trial court in setting aside the default judgment. The insufficiency of the answer is raised for the first time on appeal. In view of all the circumstances in this case, including the fact that the answer avers that defendant has never claimed the ownership of said stock nor the right to control or hold said stock, except under and by virtue of said agreement, we think the case should be decided upon the merits rather than upon the alleged defects in the answer and the deposition of defendant.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 28, 1929.