[Civ. No. 10447. First Appellate District, Division Two.—November 29, 1937.]

L. W. PINGREE et al., Appellants, v. F. A. REYNOLDS, Respondent.

Kenneth R. McDougall and Charles Carlstrom for Appellants.

F. E. Hoffmann for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by plaintiffs from an order setting aside a default entered after failure to appear and plead within the time allowed by law. The motion was supported by the affidavit of defendant's attorney. The sufficiency of the affidavit to support the order is attacked on the grounds that the facts set out do not show any legal justification for defendant's failure to appear in time, and that they are hearsay as to affiant attorney. ■ We pass these questions because the affidavit of merits is clearly insufficient under the settled practice. The affidavit of merits reads: "That defendant in the above entitled matter has fully and thoroughly stated his defense to affiant herein and affiant alleges that said defendant has a good defense to said action."

Passing likewise the objection that the assertion that "defendant . . . has fully and thoroughly stated his defense to affiant" is obviously hearsay as to affiant (*Bailey* v. *Taaffe,* 29 Cal. 422; *Andrews* v. *Jacoby,* 39 Cal. App. 382 [178 Pac. 969]; *Jenkins* v. *Gamewell etc. Tel. Co.,* 3 Cal. Unrep. 655 [31 Pac. 570]) and treating the affidavit as though made on the personal knowledge of affiant, it would still be insufficient as an affidavit of merits.

"An affidavit of merits must show that the defendant has fully and fairly stated the facts of the case to his counsel, before the advice of counsel can amount to a *prima facie* showing of merits on behalf of the defendant. For a defendant to say that he has fully and fairly stated the facts of his defense to his attorney is not a compliance with the rule requiring that he shall state the facts of the case." (*Ross* v. *San Diego Glazed C. P. Co.,* 50 Cal. App. 170, 172 [194 Pac. 1059]; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *Morgan* v. *McDonald,* 70 Cal. 32 [11 Pac. 350]; *Slater* v. *Selover,* 25 Cal. App. 525 [144 Pac. 298]; *Forrest* v. *Knox,* 21 Cal. App. 363 [131 Pac. 894]; *Cooper-Power* v. *Hanlon,* 7 Cal. App. 724 [95 Pac. 678].)

■ Respondent's claim that the unverified answer of defendant supplies the place of an affidavit of merits cannot

be sustained. It has frequently been held that a verified answer may stand in place of an affidavit of merits (14 Cal. Jur., pp. 1057, 1059, and cases cited) but we have found no case applying the rule to an unverified answer. Obviously a verified answer being sworn to, is the equivalent of an affidavit. An unverified answer, not being sworn to, just as obviously is not such equivalent.

The order appealed from is reversed.

Spence, Acting P. J., and Sturtevant, J., concurred.