[Civ. No. 11477.   Second Appellate District, Division One.—July 29, 1938.]

W. T. DOYLE et al., Respondents, v. RICE RANCH OIL COMPANY (a Corporation), Appellant.

Richard J. O. Culver and Felix H. McGinnis for Appellant.

C. Douglas Smith and Fred A. Shaeffer for Respondents.

DORAN, J.—This is an appeal from an order vacating a default judgment in favor of defendant and against the plaintiffs.

A demurrer had been sustained to the complaint and to the first amended complaint. Defendant served notice on December 17, 1936, that the demurrer had been sustained with ten days' leave to amend. No amended complaint was filed before January 18, 1937, and on said date judgment was entered in favor of defendant and against plaintiffs. On January 29, 1937, plaintiffs served notice of a motion to vacate and set aside the default under section 473 of the Code of Civil Procedure, accompanied by an affidavit of plaintiffs' attorney as well as a copy of the second amended complaint. On February 13, 1937, the motion was heard and granted.

It is contended by appellant that the affidavit in support of the motion was insufficient, and that the second amended complaint did not state a cause of action. Both contentions are entitled to be sustained. The affidavit in support of the motion merely set forth that affiant, Fred A. Shaeffer, one of plaintiffs' attorneys, prepared the second amended complaint when informed by his associate counsel that he (the associate counsel) was unable to prepare the same by reason of the illness of his stenographer; that he, affiant, believed that the second amended complaint which he had prepared had been mailed but that he learned later that owing to the illness of his secretary said amended complaint had not been mailed; that upon discovery of the oversight on January 19th, the second amended complaint was forthwith mailed, and that affiant had no knowledge of the entry of the default until January 28, 1937.

The affidavit reveals neglect, but not excusable neglect. Carelessness and negligence are not akin to excusable neglect. (See *Ross* v. *San Diego Glazed C. P. Co.*, 50 Cal. App. 170 [194 Pac. 1059]; *People* v. *Rains*, 23 Cal. 127; *Bailey* v. *Taaffe*, 29 Cal. 422; *Slater* v. *Selover*, 25 Cal. App. 525 [144 Pac. 298]; *Smith* v. *Tunstead*, 56 Cal. 175.)

The complaint in the action purported to allege an action for money as follows: ''That the defendant is indebted to each of the plaintiffs herein for the respective sums hereinafter alleged, no part of which has been paid to any of the plaintiffs, and said indebtedness . . . arose from and is

based upon the promise of said defendant by and through its president, George W. Lichtenberger; that said promise by the said George W. Lichtenberger was authorized and acquiesced in and ratified by the said defendant, Rice Ranch Oil Company, a corporation, and is in words and figures as follows, to wit:

"George W. Lichtenberger, President,

"H. G. Phillips, Secretary,

"Edgar Craig, Plant Superintendent.

"RICE RANCH OIL COMPANY

"262 South Los Angeles Street

"Los Angeles

"November 15th, 1934.

"Mr. Marvin D. Tognazzini, Secy.,

"Rice Ranch Oil Company Employees Assn.,

"Box 477,

"Santa Maria, California.

"Dear Sir:

"Replying to your letter of the 14th:

"The Rice Ranch Oil Company wishes to assure you and all of their employees that it is certainly our intention to pay all back wage claims as provided for by the Oil Administrator, Mr. Harold L. Ickes, and which also you were assured of by our Superintendent, Mr. Holmes.

"Due to our general reorganization and due to the fact that, as you know, we have been so extremely busy endeavoring to complete our new plant, our auditor has found it impossible to complete the work in connection with the claims for back pay. However, rest assured that same will be forthcoming as soon as it is possible and in this connection we are asking the indulgence of our employees as we feel that they appreciate the vast amount of work we have been endeavoring to complete. However, feel assured that this matter is in the process of execution and as stated above, will be forthcoming at the earliest possible date.

"Yours respectfully,

"RICE RANCH OIL COMPANY,

"By GEO. W. LICHTENBERGER,

"President."

It is at once evident that the foregoing letter, although addressed to the secretary, is intended for the members in general of an association, and is a mere declaration of policy

on the part of the company. In no sense can it be regarded, as a matter of law, as a contract, and it therefore gave rise to no cause of action whatsoever. With regard to the right of a party to the opening of a default, the Supreme Court has hitherto declared, "To secure the enjoyment of this right he must first make timely motion within the year, second, establish that he has a meritorious defense, and, third, comply with such reasonable terms as the court may impose in granting his motion." (*Osmont* v. *All Persons, etc.*, 165 Cal. 587, 590 [133 Pac. 480].) Obviously the rule applies equally to both parties, that is to say, that a plaintiff under such circumstances must establish that he has a cause of action. (See, also, *Bailey* v. *Taaffe, supra*; *Janson* v. *Bryant*, 52 Cal. App. 505, 506 [199 Pac. 542]; *Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990].) Notwithstanding the general rule that the power of the court should be liberally exercised with regard to proceedings so as to dispose of cases upon their merits and without unreasonable delay, nevertheless the rule does not appear to go to the extent of permitting the opening of a default for the purpose of filing an amended complaint that states no cause of action.

The order appealed from is reversed.

York, P. J., and White, J., concurred.