R. Michael **BUTNER**, Appellant,

v.

Ingrid **NEUSTADTER**, Appellee.

No. 18431.

United States Court of Appeals
Ninth Circuit.

·Nov. 18, 1963.

Samuel Reisman, Los Angeles, Cal., for appellant.

Hugo D. DeCastro, Robert S. West and Walter S. Weiss, Los Angeles, Cal., for appellee.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

This is an appeal from an order· of the United States District Court for the Southern District of California denying appellant's motion to set aside a default judgment. Jurisdiction of this court is based on 28 U.S.C. § 1291 (1958).

On June 22, 1962, appellant, a resident of Arkansas who was temporarily in Los Angeles on business, was personally served with process in Los Angeles in a suit before the Superior Court of the

State of California in and for the County of Los Angeles brought by appellee as an assignee on a promissory note.[1] At 9:30 a. m. on July 3, the eleventh day after service, the default of appellant was entered and a default judgment taken against him in the principal sum of $20,-000.00, together with $1,027.50 interest and $1,250.00 attorney fees. On July 10, 1962, appellant filed a petition to remove the action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1446 (1958).[2]

On July 23, 1962, appellant filed in the district court a motion to set aside the default judgment theretofore entered in the state court, supported by affidavits and points and authorities.[3] The affidavits asserted that appellant had sent the summons and complaint to his attorney in Little Rock, Arkansas, where he was a resident, and requested his attorney to arrange through one David Robbins in Los Angeles to have his "appearance entered in said action by Samuel Reisman's office in Los Angeles." They further asserted that on July 2, B. H. Ross, an attorney in Samuel Reisman's office, received a telephone call from "one David Robbins, a business associate of Samuel Reisman and of the defendant R. Michael Butner," in which he was

advised that a lawsuit had been filed in the superior court against appellant, that the attorney for the plaintiff was Hugo DeCastro, and that "said David Robbins believed that it was necessary for the defendant to appear in said action on the next day" and requested Mr. Ross to obtain time for appellant to plead therein. Mr. Ross's affidavit further showed that he called Mr. DeCastro's office on two occasions on July 2 and was informed that Mr. DeCastro was not in, and that he left his telephone number with Mr. DeCastro's office so that he might be called.

Not being able to contact Mr. DeCastro, Mr. Ross mailed a letter on July 2 to Mr. DeCastro, a copy of which is set out in the margin.[4]

At approximately 2 p. m. on the afternoon of July 3 Mr. Ross received a telephone call from Mr. DeCastro in which Mr. DeCastro stated that he had been unable to answer Mr. Ross's phone calls of the previous day and that he had already on the morning of July 3, 1962, entered a default and default judgment against appellant. Upon being requested by Mr. Ross to set aside this default by stipulation, Mr. DeCastro refused to do so. The affidavits further showed that

1. Under California law the appellant was required to file an appearance in said action within ten days. Cal.Code Civ.Proc. § 407.

2. Compliance by appellant with the provisions of § 1446 (which is not disputed) effectively removed the action to the district court.

3. On the same date, appellant also filed in the district court (a) an answer to appellee's complaint, (b) an application to file a complaint against third parties for damages, (c) an order of the district court permitting the filing of the third party complaint.

4. "Dear Mr. DeCastro:
   Mr. Reisman of this office has been called by a firm of attorneys in Little Rock and has been requested to represent the defendant, R. Mike Butner, in the above entitled action. Unfortunately, the pleadings have not arrived in our office yet and we do not even have any idea

concerning the subject matter of the lawsuit.
   Mr. Reisman is presently in trial in Honolulu and should return the latter part of this week.
   We would greatly appreciate it if you would agree that the defendant, R. Mike Butner, may have up to and including July 16, 1962 within which to plead to the complaint on file in the above matter.
   If this is agreeable with you, will you please so indicate on the copy of this letter and return the same to us in the enclosed stamped, self-addressed envelope. Frankly, we do not know when the defendant was served so would appreciate your cooperation in this matter.
             Very truly yours,
             BERTRAM H. ROSS
             For SAMUEL REISMAN
   BHR/bw
       IT IS SO STIPULATED:
   ......................."

Mr. Ross met Mr. Butner for the first time on July 9, 1962, and at that time received a copy of the summons and complaint, together with various other papers. The affidavits further asserted that appellant had a good and meritorious defense to the action.

On July 27, 1962, appellee filed a notice of motion and motion to strike appellant's answer and to vacate the court's order allowing him to file a third party complaint for damages. A hearing was held on the various motions on August 6, 1962, and thereafter the district court on August 27, 1962, granted appellant's motion to set aside his default and the default judgment against him, and denied the appellee's motions to strike appellant's answer and to vacate the order allowing appellant to file a third party complaint for damages.

On August 31, 1962, appellee filed a motion for reconsideration which was heard on September 10, 1962. On October 1, 1962, the district court made an order reversing his order theretofore made on August 27, 1962, and reinstated the default judgment against appellant. From the district court's last order a timely appeal was taken by appellant.

The issues presented are: (1) Is defendant entitled to have the default judgment vacated as a matter of law upon removal to federal district court; and (2) if not, did the trial court abuse its discretion in not granting the motion to set aside?

Appellant contends that he is entitled to have the default judgment set aside as a matter of law upon removal to federal district court. His reasoning is as follows: section 1446(b) gives a defendant the right to remove within twenty days after service of process. Fed. R. Civ. P. 12 gives him twenty days within which to appear and plead. If a default judgment entered in a state court within ten days after service of process is allowed to take precedence over the removal statute which allows him twenty days to remove, then, he contends, the whole purpose of the removal statute is defeated. Appellee maintains, on the other hand, that although the removal after the default judgment is perfectly proper, it cannot be taken to supersede the default judgment which must be regarded as valid until set aside. We agree.

Although Fed. R. Civ. P. 81 (c) provides the time within which a defendant must answer in a removed action,[5] it is obvious that it did not contemplate a situation in which the action had proceeded to a final judgment before removal. The federal rules apply after removal and "neither add to nor abrogate what has been done in the state court prior to removal." Talley v. American Bakeries Co., 15 F.R.D. 391, 392 (E.D. Tenn.1954). The federal court takes the case as it finds it on removal[6] and treats everything that occurred in the state court as if it had taken place in federal court.[7] Therefore, this default judg-

5. "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based * * *."

6. Duncan v. Gegan, 101 U.S. 810, 25 L.Ed. 875 (1880). The removal statute at that time allowed removal at any time up until final judgment had been rendered rather than the present twenty-day period. A

final decision on the merits had been entered in state court and appealed all the way. The action was then removed to federal circuit court. Defendant petitioned to have the state court's judgment set aside. The Supreme Court held that this was impossible and that the circuit court took the case as it found it at the time of the removal.

7. Savell v. Southern Ry., 93 F.2d 377, 379, 114 A.L.R. 1261 (5th Cir. 1937). Defendant's demurrers in state court were overruled. Upon removal to federal court, a motion to reconsider an order overruling demurrers was granted and the demurrers were sustained. The Fifth Circuit affirmed, stating that "when a case is re-

ment should be treated as though it had been validly rendered in the federal proceeding. Appellant's argument that state law cannot prevent removal or defeat its effects is quite correct.[3] That does not mean that the default judgment must be vacated as a matter of law. Instead, a motion to set aside a default may be made in the district court under Fed. R. Civ. P. 60(b) because of mistake, inadvertence, surprise, or excusable neglect.

■ Appellant argues that the trial court abused its discretion in denying the motion to vacate. He relies on Brill v. Fox,[9] in which the California Supreme Court said:

"The legal principles underlying the granting of motions to set aside defaults are comparatively simple, and have been frequently announced by this court. The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.

" 'It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.' * * * It is also well settled that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. * * * Although it is true that courts of appeal have shown great reluctance in cases of this kind to disturb the order of the trial court, it is equally true that denials of such relief by the trial court are scanned more carefully than cases where the trial court has granted relief, to the end that wherever possible cases may be heard on their merits."

In Karlein v. Karlein,[10] the district court of appeal said:

"An appellate court listens more readily to an appeal from an order denying relief under Section 473 of the Code of Civil Procedure. The law is remedial and any doubt as to the propriety of setting aside a default should be resolved in favor of the application, even in a case where the showing * * * is not strong. * * * Neither party should be deprived of a hearing except when guilty of inexcusable neglect, and doubts should be resolved in favor of an application to set aside a default judgment."

These statements are a good guide to action in this case. Appellant contends he has a good defense on the merits, namely that the note in question was obtained by means of fraud and that appellee is not a holder in due course. Whether or not this is true, if he is not guilty of inexcusable neglect, he should have a hearing on the merits.

Appellee maintains that appellant was guilty of inexcusable neglect in that he sent the summons and complaint to his attorney in Arkansas with directions to

---

moved the federal court takes it as though everything done in the state court had in fact been done in the federal court." The court then went on to say that a ruling on a demurrer was not final in federal court and could be reconsidered. Therefore, the motion to reconsider the demurrers sustained in the state court was proper.

The *Savell* court questioned the reasoning of the *Duncan* case, *supra* note 6, but the results in the two cases are reconcilable. A final judgment appealed all the way to the highest appellate tribunal could, of course, not be reconsidered by a trial court if the whole action took place in federal court. But a demurrer ruling by the trial court could easily be reconsidered by the trial court if the entire action took place in federal court.

8. Cady v. Associated Colonies, 119 F. 420 (C.C.N.D. Cal. 1902).

9. 211 Cal. 739, 743–744, 297 P. 25, 26 (1931).

10. 103 Cal.App.2d 496, 498, 229 P.2d 831, 833 (2nd Dist. 1951).

contact Mr. Reisman in Los Angeles, that he was acquainted with lawyers in Los Angeles, and that he was an astute businessman and should have simply contacted Mr. Reisman himself. Then the fact that Mr. Reisman was out of town would not have made any difference, for appellant would have been aware of that circumstance and could have made appropriate arrangements to get another attorney. While there may be some doubt as to the wisdom of appellant's actions in this case, there are several possible explanations of his conduct. Having been a resident of Little Rock for more than a year, he might quite naturally wish to send all his legal business to his Little Rock attorney, and merely in this one instance have sent the name of Mr. Reisman along as a convenience to the Little Rock attorney. He might do this as a matter of routine, being, as appellee asserts, an "astute businessman." In such a case, the fact that Mr. Reisman was out of town would of course delay any action taken, and the delay of sending the papers from California to Arkansas and back to California through the mails could, when added to Mr. Reisman's absence, account for the entire ten days. There is considerable doubt about appellant's reasons, and the *Karlein* case says that "doubts should be resolved in favor of an application to set aside a default judgment." [11]

There is a possibility of a meritorious defense. An attempt was made to take action on the complaint within the allotted ten days but was frustrated by certain events. There is doubt as to whether the circumstances which frustrated the attempt could amount to inexcusable neglect. We have been cited to no case

allowing a default judgment to stand under facts similar to those in this case. We hold that the order by the district court reversing his former judgment in favor of appellant was an abuse of discretion.

The judgment is reversed.

---

11. Appellee's reliance on Doyle v. Rice Ranch Oil Co., 28 Cal.App.2d 18, 81 P.2d 980 (2d Dist. 1938), is misplaced. In that case there were several months involved, whereas here there was only one day. Also, it appeared to the court that the amended complaint, which had been filed too late, did not state a cause of action and hence to set aside the default judgment in favor of defendant would have been a useless act. "Notwithstand-

ing the general rule that the power of the court should be liberally exercised with regard to proceedings so as to dispose of cases upon their merits and without unreasonable delay, nevertheless the rule does not appear to go to the extent of permitting the opening of a default for the purpose of filing an amended complaint that states no cause of action." *Id.* at 21, 81 P.2d at 982.