106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Casimer MILES, aka: Rodney C. Miles; Ann R. Miles,
Plaintiffs-Appellants,
v.
Banque PARIBAS, Defendant-Appellee.
 No. 95-56870.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Miles, an attorney appearing pro se, and Ann Miles ("the Miles") appeal pro se the district court's dismissal of their action against Banque Paribas ("Bank") on grounds of forum non conveniens. The Miles also appeal from the district court's denial of their motion to remand this action to state court after removal to federal court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Denial of Remand
 
 3
 The Miles contend that the district court erred by denying their motion to remand the action to state court. Specifically, the Miles contend that the Bank's removal was untimely because the Bank filed its notice of removal more than thirty days after the Miles served their state court action complaint on the Bank.
 
 
 4
 We review de novo the district court's denial of a motion to remand an action from state court to federal court. Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir.1994).
 
 
 5
 Under 28 U.S.C. § 1446(b) a notice of removal of a civil action must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."
 
 
 6
 Here, the Miles submitted a proof of service indicating that on May 26, 1995, a copy of the complaint was left with Carrie Johnson, a receptionist in the Bank, and mailed to the same employee. The Bank claims that it did not become aware of the state court action until July 7, 1995, when it received a request for entry of default in the state court action. The Bank submitted declarations from Ray Baxter, the Bank's agent for service, and Johnson which indicate that Johnson did not accept service of legal papers because she is not authorized to accept service for the Bank.
 
 
 7
 Because the Miles failed to serve a person authorized by the Bank to receive service, the Miles' service of the complaint was defective under either California's law governing the process of service, see Cal.Civ.Proc.Code § 416.10 (West 1997), or the Federal Rules of Civil Procedure, see Fed.R.Civ.P. 4(h).[1] The Miles' contention that they properly served the Bank under Cal.Civ.Proc.Code § 415.20(b) (West 1997), lacks merit because they failed to show any evidence of reasonable diligence in personally serving the Bank's agent of service. See Burchett v. City of Newport Beach, 40 Cal.Rptr.2d 1, 3 (Cal.Ct.App.1995). Because the Miles did not show that the Bank received the complaint on May 26, 1995, through service or otherwise, the time for removal began to run on July 7, 1995, when the Bank received the request for entry of default. Therefore, the Bank's July 17, 1995, notice of removal was timely. See 28 U.S.C. § 1446(b).
 
 
 8
 B. Effect of Entry of Default in State Court
 
 
 9
 The Miles contend that the district court erred by failing to take judicial notice of the state court's entry of default against the Bank on July 5, 1995, prior to the Bank's removal of the action on July 17, 1995.
 
 
 10
 "The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir.1963) (footnotes omitted); see Edna H. Pagel, Inc. v. Teamsters Local Union 595, 667 F.2d 1275, 1278 (9th Cir.1982). Federal rules apply after removal. Butner, 324 F.2d at 785.
 
 
 11
 Here, the district court should have treated the state court entry of default as though it were entered in federal court. See Butner, 324 F.2d at 785. The Bank should have moved to set aside the entry of default for good cause shown pursuant to Fed.R.Civ.P. 55(c). The Bank showed good cause for setting aside the entry of default by arguing in the notice of removal that the Miles had previously filed an almost identical action in federal court which was dismissed on forum non conveniens grounds.[2] See Hawaii Carpenters' Trust Fund v. Stone, 794 F.2d 508, 513 (9th Cir.1996) (requiring some showing of a meritorious defense to set aside an entry of default). The district court, therefore, did not abuse its discretion by essentially setting aside the entry of default by allowing the Bank to remove the action from state court to federal court. See Hawaii Carpenters' Trust Fund, 794 F.2d at 513.
 
 C. Dismissal
 
 12
 The Miles contend that the district court failed to consider all the relevant private and public interest factors when determining whether California is the proper forum for the Miles to bring their action. The Miles do not specifically state which factors were overlooked. Upon review of the record we find that the district court did not abuse its discretion by finding that because the parties negotiated the loan transaction in France, France is the proper forum for the Miles to bring their action. See Arno v. Club Med Inc., 22 F.3d 1464, 1467 (9th Cir.1994) (finding location where contract was negotiated a relevant factor in weighing opposing government interests).
 
 
 13
 We deny the Bank's request for an injunction barring the Miles' from further litigation against the Bank in this country.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Therefore, we need not decide whether 28 U.S.C. § 1446(b)'s standard of notice incorporates state or federal definitions of service. See Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 n. 5 (9th Cir.1987)
 
 
 [2]
 We affirmed the dismissal of the action in an unpublished memorandum disposition, Miles v. Banque Paribas, No. 94-56768, (9th Cir. August 16, 1995)