**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LISA CASWELL, in her capacity as executor of the estate of Robert Caswell,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>OLYMPIC PIPELINE COMPANY; et al.,<br><br>　　　　Defendants - Appellees. | No. 10-35748<br><br>D.C. No. 3:10-cv-05232-BHS<br><br>MEMORANDUM[*] |
| LISA CASWELL, in her capacity as executor of the estate of Robert Caswell,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>UNION OIL COMPANY OF CALIFORNIA; et al.,<br><br>　　　　Defendants - Appellees. | No. 11-35260<br><br>D.C. No. 3:10-cv-05232-BHS |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 6, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District Judge.[**]

Plaintiffs Robert and Lisa Caswell appeal the district court's summary judgment orders that dismissed their product liability claims. The court ruled that the Caswells' claims were barred by Oregon's 8-year statute of repose. The Caswells also ask us to review the Washington state trial court's order granting summary judgment to Olympic Pipeline Company on the same basis. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Like the district court, we apply Washington's choice-of-law rules to decide whether Washington's or Oregon's substantive law applies. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950–52 (9th Cir. 2005). Also like the district court, we hold that Oregon had the most significant relationship to this action. At the time of injury, the Caswells were Oregon residents. Robert Caswell was injured in Oregon while working in Oregon for an Oregon employer. In *Rice v. Dow Chemical Co.*, 875 P.2d 1213, 1217–18 (Wash. 1994), the Washington Supreme Court applied Oregon's statute of repose in a scenario very similar to this one.

---

[**] The Honorable Janet C. Hall, District Judge for the District of Connecticut, sitting by designation.

The Caswells also argue that the district court erred when it denied their request for further discovery on whether the petroleum products were manufactured and designed in Washington. We disagree. The district court correctly held that, even if the Caswells can show that the products were manufactured and designed in Washington, Oregon would still have more significant contacts. Therefore, additional discovery would have been futile.

The Caswells raise two new arguments for the first time on appeal. The first is that, even if Oregon law applies, Oregon's statute of repose was not triggered because there was no evidence that the petroleum had been purchased for use or consumption. The second argument is that the Oregon statute of repose violates the Due Process Clause of the United States Constitution. We decline to review these arguments because they were not raised before the district court. *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1215–16 (9th Cir. 2009).

Lastly, the Caswells argue that the Washington state trial court erred in applying Oregon's statute of repose before the action was removed. We have jurisdiction to review the state court's order because the district court necessarily adopted that order as its own after removal. *See Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994); *Butner v. Neustadter*, 324 F.2d 783, 785–86 (9th Cir. 1963). We also have jurisdiction because, at the time

judgment was entered, there was complete diversity between the parties.  *See*

*Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 774 (9th Cir. 1986).

First, we note that removal based on diversity jurisdiction was proper here, despite the lack of complete diversity, because the Caswells failed to contest the allegations in the notice of removal that Tesoro Refining and Marketing Company and Olympic Pipeline Company were fraudulently joined and that the Caswells cannot state a claim against them.  The Caswells' failure to object to the factual allegations in the notice of removal and their decision not to move for remand are construed as an admission that Tesoro Refining and Olympic Pipeline were sham defendants joined solely to destroy complete diversity.  *See Schnabel v. Lui*, 302 F.3d 1023, 1032 (9th Cir. 2002).  After removal, the district court correctly adopted as its own the state court's decision to dismiss Tesoro Refining and Olympic Pipeline on the grounds that Oregon's statute of repose barred the Caswells' claims against them.  Although Olympic Pipeline has its principal place of business in Washington, the decision to apply Oregon law was correct.

**AFFIRMED.**